PATRICK CAMPBELL, Respondent, *v.* NORTH AMERICAN BREWING COMPANY, Appellant.

*Excessive verdict in a negligence case.*

Where a plumber's laborer, earning two dollars and seventy-five cents a day, having no one dependent upon him for support, suffers, as the result of an accident, a contusion in his back, a fracture of one knee cap, and an injury to the other knee, is confined in a hospital for more than three months, and is incapacitated for work up to the time of the trial of an action which he brings to recover damages, and is likely to be permanently incapacitated to some extent and to suffer from a stiff knee, a verdict for $8,000 is excessive and should be reduced to $6,000.

APPEAL by the defendant, the North American Brewing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of April, 1897, upon the verdict of a jury for $8,000, and also from an order entered in said clerk's office on the 8th day of April, 1897, denying the defendant's motion for a new trial.

*Chas. J. Fiske,* for the appellant.

*James D. Bell,* for the respondent.

GOODRICH, P. J.:

The negligence of the defendant's driver appears so clearly from the evidence as to render a full statement of the facts unnecessary. The same may be predicated of the plaintiff's freedom from con-

tributory negligence. The only subject that requires consideration is the amount of the verdict.

The plaintiff, a laborer in the service of a plumber, was digging a trench on the north side of Floyd street, which is thirty-four feet wide. The trench extended some six feet from the curb into the street, and was about four and one-half feet deep. The plaintiff had thrown the earth which he had removed in piles on the street on both sides of the trench, and at the time of the accident was stooping down to make the tap connection with the main water pipe. His helper was on the street and saw a large beer truck of the defendant loaded with barrels and drawn by two horses coming toward the trench and only twenty feet away. There is evidence tending to show that the driver was dozing or inattentive to his horses, was swaying backward and forward, and that the lines were slack, although he denied that he was asleep. The helper hailed him but the team did not stop, and either the wagon or one of the horses fell into the hole, injuring the plaintiff. There was a clear space in the middle of the street where the team could easily have been driven. I have stated these facts, because, although the learned court instructed the jury that the facts of the case did not call for punitive damages, it is somewhat difficult to believe that the minds of the jurors were not so impressed with the belief of the gross negligence of the driver that they have unduly increased the amount of their verdict.

The plaintiff is unmarried, about fifty years of age, and does not appear to have any one dependent upon him for support. His wages, when at work, were two dollars and seventy-five cents per day. He was quite seriously injured, his back being contused, one of his knee caps broken, and there was some fracture or injury to the other knee, the details of which do not very clearly appear by the testimony of the physicians who attended him. The accident occurred on April 22, 1896, and the plaintiff was taken to St. Catharine's Hospital, whence he was removed to St. Peter's Hospital, where he remained till August first. The physician who attended him at the latter hospital testified that he examined him shortly before the trial; that the knees were improved as far as the swelling was concerned; that the patella had united; that there seemed to be union in the bones; that there was no swelling of the left leg, in which,

however, there were a great many varicose veins which were not present at the first examination; that the right knee seemed to be all right; that the left knee was modified in its action so that it would never bend as much as if in a normal condition, and this would somewhat impair its future use, and that in a year it would be as good as it ever would be. The plaintiff has not worked since the accident, cannot walk a great distance without being laid up, has suffered pain, and cannot bend his leg as much as he could before the injury.

Assuming, however, that the plaintiff has received such serious injuries as will partially incapacitate him from work, we think the verdict was larger than the circumstances justify. His wages, if he worked every working day in the year, and we cannot lose sight of the fact that such a condition rarely occurs to an out-of-door laborer, would amount to less than $800 a year. It is certain that he will be able to do some kind of work, though in a less effective way. We are not passing upon the case of a skilled mechanic who has been incapacitated for his special work, but must take into account the plaintiff's rank and station in life. The verdict should be for such an amount as will reasonably compensate the plaintiff for his sufferings and incapacity. It should not be for an amount which will maintain him in idleness during the rest of his life, if he is able to work in any similar branch of industry, for this offends the moral sense and is against public policy, which favors the useful employment of every citizen. We should also take into account the usual income of such a sum of money, with the other fact, that the principal remains.

Reviewing the whole evidence and not losing sight of the fact that the plaintiff is entitled to reasonable compensation for his pain and suffering, as well as for his impaired ability to work, we think the verdict was excessive and that it should be reduced to $6,000, and the judgment, as thus modified, affirmed.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulates to reduce recovery of damages to $6,000, and extra allowance proportionately, and in case of such stipulation the judgment as modified and order are unanimously affirmed, without costs to either party.