■　IRVING SHAPIRO, Appellant, v. NORMAN S. GOULD et al., Respondent.— In an action *inter alia* to recover damages for breach of contract, plaintiff appeals from (1) an order of the Supreme Court, Queens County, dated February 27, 1974, which denied his motion to strike defendants' answer for alleged failure to comply with a prior order granting plaintiff discovery of books and records and (2) the decision of said court, made January 22, 1974, after a hearing, upon which the order of February 27, 1974 was made. Appeal from decision dismissed. No appeal lies from a decision. However, the contentions of appellant have been considered on the appeal from the order. Order modified by adding thereto a provision granting plaintiff leave (1) to continue his examination of defendants' books and records pertaining to plaintiff and (2) to examine defendants before trial, at the courthouse of the Supreme Court in Binghamton, New York. As so modified, order affirmed. The examinations shall proceed at a time or times to be set forth in a written notice of not less than 10 days, to be given by plaintiff. Respondents are awarded one bill of $20 costs and disbursements against appellant, to cover both appeals. The order appealed from properly denied plaintiff's motion, but should be modified to the extent indicated hereinabove. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■　HANNAH SHORE, Respondent, v. ALVIN LUBOV, Appellant.— In a dental malpractice action, defendant appeals from an order of the Supreme Court, Queens County, dated May 14, 1974, which granted plaintiff's separate motions (1) for a pretrial examination of defendant and (2) to amend the complaint to increase the *ad damnum* clause. Order reversed, with $20 costs and disbursements, and motions denied, without prejudice to renewal of the motion to amend the complaint upon proper papers as indicated hereinbelow. This action was commenced on February 23, 1972. A note of issue and statement of readiness were filed on January 30, 1973. On January 11, 1974 the case was removed from the ready calendar, presumably to allow for the appointment of new counsel. Thereafter, new counsel made the motions now under review. We reverse the first application on the ground that rule 675.7 of the rules of this court provides that no pretrial examination or other preliminary proceedings may be had after any action has been placed on the Trial Calendar, except as permitted pursuant to certain other of such rules not here relevant, or unless unusual and unanticipated conditions develop. We find no showing of such conditions. The determination herein is without prejudice to renewal of the motion to amend the complaint upon papers that include an affidavit of merits by plaintiff showing *facts* to warrant the increase and a physician's affidavit (*Battaglia* v. *Elliott Development Corp.*, 34 A D 2d 980). Hopkins, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.