■ JORGE CALVO et al., Appellants, v MILE PEROS, Defendant, and ELEFTHERIOS YIORAS et al., Respondents.—In a negligence action to recover

damages for personal injuries, etc., plaintiffs appeal from so much of an order of the Supreme Court, Queens County, entered April 22, 1975, as (1) directs the parties to appear for examinations before trial and (2) grants leave to respondents to conduct a physical examination of the injured plaintiff. Order affirmed, insofar as appealed from, with $20 costs and disbursements to respondents against appellants. The examinations before trial shall proceed at the place fixed therefor in the order under review, at a time to be fixed in a written notice of not less than 10 days, to be given by respondents, or at such time and place as the parties may agree. This appeal is viable even though the order appealed from has been superseded by an order dated June 3, 1975 which granted reargument and, upon reargument, adhered to the original determination, as plaintiffs have not appealed from the latter order (CPLR 5517, subd [a], par 1). Absent good cause shown, this court will not affirm the direction by a trial court of a physical examination of an injured party, where this court's rule (22 NYCRR 672.1) has not been complied with by the party seeking such examination. Nor will this court, absent good cause, permit an examination before trial of an adverse party after the service of a note of issue and statement of readiness. Under the circumstances of this case, however, we find that Trial Term reasonably exercised its discretion in the order appealed from. The record establishes that appellants delayed for more than one year after the joinder of issue before taking any further proceedings in this action. When appellants, in January, 1975, notified respondents that the injured party would be available for a physical examination, respondents immediately sought to arrange a mutually convenient time for, that purpose. Further, when respondents, on March 14, 1975, received a note of issue and statement of readiness, they moved, *inter alia,* for the physical examination and examination before trial. The allowance of said examinations by the trial court, which were to proceed without delay, was a sound exercise of that court's discretion under these circumstances. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.