■ ERNESTINE HOLBIN et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Queens County (Rodell, J.), dated September 1, 1981, which granted plaintiffs' motion for leave to conduct pretrial discovery after the filing of a note of issue and statement of readiness. Order reversed, without costs or disbursements, and motion denied. Plaintiffs failed to show, pursuant to the provisions of section 3.4 of the Rules of the Chief Administrator of the Courts (22 NYCRR 3.4) and section 675.7 of the rules of this court (22 NYCRR 675.7), that unusual or unanticipated circumstances had developed subsequent to the filing of a note of issue and statement of readiness to require additional pretrial proceedings. The identity, and possible testimonial significance, of the defendant's employee whom plaintiffs sought to depose subsequent to the placement of this case of the Trial Calendar was known, or should have been known, to plaintiffs well in advance of their filing a note of issue and statement of readiness. The record does not support plaintiffs' contention that not until after this case was placed on the Trial Calendar did they realize their need to depose this employee. Damiani, J. P., Titone, Mangano and Brown, JJ., concur.

■ ISLAND SWIMMING SALES, INC., Appellant, v COUNTY OF NASSAU et al., Respondents. — In an action, *inter alia,* to declare the Nassau County Fire Prevention Ordinance unconstitutional, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Spatt, J.), entered September 30, 1981, as held that articles 2 and 3 of the ordinance were constitutional. Order reversed, insofar as appealed from, on the law, without costs or disbursements, and judgment is granted in favor of defendants dismissing the complaint in its entirety. A criminal information was filed charging plaintiff with violating certain provisions of the Nassau County Fire Prevention Ordinance. Plaintiff then commenced the instant action challenging, *inter alia,* the constitutionality of articles 2 and 3 of the ordinance. It was error for Special Term to entertain jurisdiction since the constitutional claims raised by plaintiff should be adjudicated in the pending criminal proceeding (see *Kelly's Rental v City of New York,* 44 NY2d 700, 702; *Sa-Bleu, Inc., v Village of Port Chester,* 42 Misc 2d 360; *Commander Oil Corp. v Town of Oyster Bay,* 41 Misc 2d 926). Accordingly, the action should have been dismissed. Weinstein, J. P., Thompson, Bracken and Boyers, JJ., concur.