■ RICHARD COLVILLE, Appellant, v AUDREY KING et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated December 21, 1981, which denied his motion to strike defendants' answer for their failure to appear for pretrial examinations or, alternatively, to direct defendants to appear. Order reversed, with $50 costs and disbursements, and motion granted to the extent of directing the defendants to appear for pretrial examinations. The examinations shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may agree. The complaint, as amplified by the bill of particulars, alleges serious and permanent physical injuries and large special damages. After the defendants conducted their examination before trial of the plaintiff, the plaintiff's attorney, through claimed "inadvertence and clerical error", filed a note of issue and statement of readiness although neither of the defendants was produced for oral deposition in response to the plaintiff's demand. By order dated September 25, 1981, Special Term denied plaintiff's prior motion, made shortly before the scheduled date for trial, to conduct examinations before trial of the defendants while retaining the action on the Trial Calendar. The bases of the denial were that the plaintiff had "more than adequate" time in which to depose the defendants, that he has "waived his right" to such oral depositions and that no "unusual and unanticipated conditions have been shown which would warrant this eleventh hour deposition" (citing 22 NYCRR 675.7). On October 2, 1981, the action was marked off the Trial Calendar upon the statement of plaintiff's attorney that he was not ready to proceed to trial. The plaintiff then served a new notice to examine the defendants before trial. Upon the refusal of the defendants' attorney to produce his clients for oral depositions, plaintiff made the instant motion to strike the answer, or, alternatively, to compel examinations before trial of the defendants. The motion was denied. Our review of the order appealed from is not barred by the doctrine of law of the case as that doctrine applies only to courts of co-ordinate jurisdiction (see *Adelphi Enterprises v Mirpa, Inc.,* 33 AD2d 1019). Under the circumstances, plaintiff's motion should have been granted to the extent of directing defendants to appear for pretrial examinations (see *Pezzella v Catholic Med. Center of Brooklyn & Queens,* 50 AD2d 867; cf. *Grigorian v Paluszek,* 22 AD2d 704). Thompson, J. P., Bracken, Rubin and Boyers, J., concur.