■ HOWARD HUTTNER, Respondent, v JOHN N. MAYBERRY et al., Appellants. — Appeal by defendants from (1) an order of the Supreme Court, Orange County (Gurahian, J.), dated June 3, 1982, which denied their motion to, *inter alia,* strike plaintiff's note of issue and stay arbitration and (2) an order of the same court (Isseks, J.), dated September 6, 1982, which denied their motion to compel plaintiff to appear for an examination before trial. Orders affirmed, without costs or disbursements. Having failed to move to strike the case from the calendar within the 20-day period following the plaintiff's filing of a note of issue and statement of readiness, the defendants waived their right to conduct an examination before trial of the plaintiff (22 NYCRR 675.3; *Price v Brody,* 7 AD2d 204; *Bowen v Fiore,* 42 AD2d 960; *Fuoco v Boyle Bros.,* 40 AD2d 943). It is only where there are present "special, unusual or extraordinary circumstances, spelled out factually", that a court has discretion to depart from this rule (*Price v Brody, supra,* p 206). In our view, no such "special, unusual or extraordinary circumstances" have been demonstrated by defendants. Moreover, under the circumstances of this case, Special Term correctly denied that branch of defendants' motion which sought to stay arbitration. Accordingly, the orders appealed from must be affirmed. Lazer, J. P., Mangano, Gulotta and Niehoff, JJ., concur.

■ SYLVIA JENKINS, Respondent, v FRANK P. BARRASSO et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered May 13, 1982, as, upon a jury finding that defendants were 80% liable, awarded plaintiff the principal sum of $80,000, upon a jury verdict of $100,000. Judgment reversed insofar as appealed from, on the facts and as a matter of discretion, and new trial granted with respect to the issue of damages only, without costs or disbursements, unless within 20 days after service upon the plaintiff of a copy of the order to be made hereon, with notice of entry, she shall serve and file in the office of the clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict to $60,000, and the entry of an amended judgment accordingly in the amount of $48,000 (80% of the verdict), in which event the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements. The verdict was excessive to the extent indicated. Defendants' additional contention is without merit. Lazer, J. P., Mangano, Gulotta and Niehoff, JJ., concur.