■ HELEN GRAVINA et al., Plaintiffs, v FIRST PRESBYTERIAN CHURCH IN GOSHEN, Defendant and Third-Party Plaintiff-Respondent. COUNTY OF ORANGE "EAT AND MEET" PROGRAM, Third-Party Defendant-Appellant. — In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Orange County (Green, J.), dated September. 30, 1983 which granted the defendant third-party plaintiff's motion to compel it to submit to examinations before trial. ¶ Order reversed, without costs or disbursements, and motion denied. ¶ By service of summons and verified complaint, on or about December 16, 1981, the plaintiffs, Helen Gravina and her husband, Joseph Gravina, commenced this action against the respondent First Presbyterian Church in Goshen, seeking to recover, *inter alia,* damages sustained by Mrs. Gravina when she allegedly fell on a sidewalk

owned, "maintained", and "managed" by the respondent. In its verified answer, the respondent generally denied certain of the allegations set forth in the complaint and denied having any knowledge or information sufficient to form a belief as to certain other allegations. As and for an affirmative defense the respondent alleged that the damages were caused "wholly or in part by reason of the culpable conduct of [the] plaintiff and not by the conduct of [the respondent]". It was further claimed that "should [the respondent] be found liable then [it] is * * * entitled to an apportionment of fault and an appropriate reduction in the amount of any judgment otherwise recoverable by plaintiff[s]". ¶ On or about February 23, 1982, the respondent commenced its third-party action against the appellant County of Orange "Eat and Meet" Program, seeking "indemnification and contribution from, and judgment over against" the appellant in the event that the plaintiffs are successful in their main action. The appellant's answer to the third-party complaint was served in March, 1982. On or about December 3, 1982, a note of issue and certificate of readiness for trial were filed by the plaintiffs. By notice of motion, dated January 3, 1983, the respondent moved to strike the case from the Trial Calendar on the ground that it had not completed discovery in the third-party action. Special Term denied the application by order entered March 2, 1983. No appeal was taken from that order. ¶ On June 9, 1983, the respondent served a notice upon the appellant to take its examination before trial. Respondent was notified by letter shortly thereafter that neither the appellant nor counsel intended to be present at the examination. ¶ By notice of motion, dated June 29, 1983, the respondent moved for an order to compel the appellant's examination before trial. Special Term granted the motion by order dated September 30, 1983, and this appeal ensued. ¶ Based on the record before us, we conclude that the respondent failed to establish, pursuant to the provisions of section 103.4 of the rules of the Chief Administrator of the Courts (22 NYCRR 103.4) and section 675.7 of the rules of this court (22 NYCRR 675.7), that unusual or unanticipated circumstances had developed subsequent to the filing of the note of issue and statement of readiness to warrant additional pretrial proceedings. The note of issue and certificate of readiness were not filed until approximately nine months *after* the respondent commenced its third-party action. No attempt was apparently made by the respondent to take the appellant's examination before trial, notwithstanding that discovery in the main action was proceeding and was completed during the nine-month period. Indeed, the respondent did not attempt to examine the appellant until approximately 15 months *after* the third-party action was commenced and until approximately six months after the note of issue and certificate were filed. Contrary to the respondent's arguments made both before Special Term and, again, on appeal, the pendency of the third-party action and incompleteness of discovery was neither "unusual or unanticipated conditions", nor did they develop subsequent to the filing of the note of issue and certificate of readiness. Accordingly, Special Term's order directing that the appellant appear for examinations before trial should be reversed (see *Perricone v City of New York*, 96 AD2d 531, 533; *Holbin v Port Auth.*, 88 AD2d 990; *Gruber v Great Bear Automotive Centers*, 88 AD2d 925; cf. *Colville v King*, 90 AD2d 492; *Calvo v Peros*, 49 AD2d 744). ¶ We have reviewed the remaining contentions and find them to be without merit. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.