■ EDWARD A. EHRHART, Individually and as Administrator of the Estate of NANCY A. EHRHART, Deceased, Respondent, v COUNTY OF NASSAU et al., Appellants. — In an action to recover damages for medical malpractice and wrongful death, defendants appeal from an order of the Supreme Court, Nassau County (Young, J.), entered October 6, 1983, which granted plaintiff's motion to direct defendants to appear for a deposition and to produce the items demanded in plaintiff's notice of deposition, despite the previous filing of a note of issue and statement of readiness dated October 28, 1982.

Order reversed, with costs, and motion denied.

Under the rules for calendar practice of the Chief Administrator of the courts (22 NYCRR 103.4) and this department (22 NYCRR 675.7), a motion for further pretrial proceedings after a note of issue and statement of readiness have been filed should only be granted upon a showing of the presence of "unusual and unanticipated conditions" subsequent to the filing of the statement of readiness (22 NYCRR 675.7; *Perricone v City of New York,* 96 AD2d 531, affd 62 NY2d 661; *Huttner v Mayberry,* 96 AD2d 527). The substitution of new counsel and/or the inexperience or inadvertence of predecessor counsel alone is not sufficient to depart from the provisions of the these rules (*Shore v Lubov,* 46 AD2d 668). Additionally, where the movant clearly has long known, or should have known, prior to the filing of the statement of readiness, the identity of the individuals sought to be deposed and the significance of their testimony, a motion for their pretrial examination, made subsequent to the filing of the statement of readiness, should be denied (*Holbin v Port Auth.,* 88 AD2d 990). The fact that the movant here is plaintiff's substituted counsel and such knowledge cannot be attributed to him personally should not, in and of itself, alter the result herein (*Shore v Lubov, supra*). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.