■ ROSE M. DI MARIA, Respondent, v COORDINATED RANCHES, INC., Appellant.—In an action to recover damages for personal injuries, defendant appeals (1) from an order of the Supreme Court, Queens County (Lerner, J.), dated September 14, 1984, which granted plaintiff's motion for a protective order and vacated defendant's subpoenas for the deposition of two non-party witnesses, and (2) as limited by its brief, from so much of an order of the same court, dated November 20, 1984, as, upon reargument, adhered to its original determination.

Appeal from the order dated September 14, 1984 dismissed, without costs or disbursements. That order was superseded by the order dated November 20, 1984, made upon reargument.

Order dated November 20, 1984 affirmed, insofar as appealed from, without costs or disbursements.

By service of summons and verified complaint, on or about March 29, 1982, plaintiff Rose Marie Di Maria instituted this action against defendant Coordinated Ranches, Inc. to recover damages for personal injuries allegedly sustained at defendant's ranch. On or about July 30, 1984, plaintiff filed a note of issue and certificate of readiness. On or about August 29, 1984, defendant served a notice upon plaintiff that it would depose two nonparty witnesses. Plaintiff moved for a protective order alleging, *inter alia,* that further discovery was prohibited subsequent to the filing of a note of issue and statement of readiness.

Trial Term granted plaintiff's motion by order dated September 14, 1984. Defendant's motion for reargument was granted and, upon reargument, Trial Term adhered to the original determination in an order dated November 20, 1984.

Under the court rules for this department, a party must establish that "unusual and unanticipated conditions" developed subsequent to the filing of the statement of readiness in order to warrant further pretrial discovery (22 NYCRR 675.7). Incompleteness of discovery is not an "unusual and unanticipated" circumstance arising after the filing of the certificate of readiness *(Gravina v First Presbyt. Church,* 103 AD2d 819). In this case, defendant knew the identity of the individuals sought to be deposed and the significance of their testimony prior to the placement of the case on the Trial Calendar. In such a case, a request for further examinations should be denied *(Ehrhart v County of Nassau,* 106 AD2d 488; *Holbin v Port Auth.,* 88 AD2d 990). Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.