■ SUSAN A. WHITE et al., Appellants, v ROBERT H. SMITH et al., Respondents. (Matter No. 1.) ROBERT SMITH et al., Respondents, v SUSAN A. WHITE et al., Appellants. (Matter No.

2.)—Motion by the respondents for reargument of an appeal from an order of the Supreme Court, Nassau County (Widlitz, J.), entered October 16, 1984, which was decided by decision and order of this court, both dated July 29, 1985 *(White v Smith,* 112 AD2d 418).

Motion granted and upon reargument, this court's decision and order in the above-entitled cases both dated July 29, 1985, are recalled and vacated and the following decision is substituted therefor. The instant recall and vacatur is warranted since, on reargument, it has become apparent to this court that the action for specific performance is not ready for trial.

"In an action, *inter alia,* for specific performance of a written contract of sale, and in a summary holdover proceeding pursuant to RPAPL article 7, the appeal is from an order of the Supreme Court, Nassau County (Widlitz, J.), entered October 16, 1984, which granted the respondents' motion for reargument and upon reargument (1) vacated a prior order of the same court dated August 23, 1984, which, upon the appellants' motion, had directed that the action and proceeding be consolidated; and (2) denied the appellants' motion for consolidation pursuant to CPLR 602.

"Order affirmed, without costs or disbursements.

"Special Term did not err in refusing to consolidate the instant specific performance action and the summary holdover proceeding. It appears from the record that the specific performance action instituted by the appellants is not ready for trial due to the need for pretrial discovery. Thus, if consolidation were ordered, the respondents' rights to a speedy disposition of their summary holdover proceeding would be severely prejudiced *(see, Schroder Bank & Trust Co. v South Ferry Bldg. Co.,* 88 AD2d 570).

"Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur."

Motion by the respondents, *inter alia,* (1) for renewal of reargument of a motion resulting in an order of the Supreme Court, Nassau County (Kelly, J.), entered September 26, 1985, which restored the instant matters to the Trial Calendar; and (2) for a stay of said order pending appeal therefrom and pending a determination by this court on the respondents' motion, *inter alia,* for reargument of an appeal from an order of this court dated July 29, 1985.

That branch of the motion which is for renewal or reargument dismissed. A motion for renewal or reargument is to be addressed to the Judge who issued the original order *(see,* CPLR 2221).

Motion otherwise denied. Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.