■ JERROLD BELL et al., Respondents, v SHOPWELL, INC.,

Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant Shopwell, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Hyman, J.), dated October 26, 1984, as, upon a jury verdict, awarded the plaintiff Jerrold Bell the principal sum of $600,000, and awarded the plaintiff Diane Bell the principal sum of $60,000.

Judgment reversed insofar as appealed from, on the law and the facts and as a matter of discretion, and new trial granted with respect to the issue of damages only, with costs to abide the event of the new trial, unless within 20 days after service upon the plaintiffs of a copy of the order to be made hereon, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdicts as to damages to the principal sums of $300,000 and $30,000, respectively, and to the entry of an amended judgment accordingly. In the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The verdict was excessive to the extent indicated *(see, Jenkins v Barrasso,* 96 AD2d 527; *Rocha v State of New York,* 77 Misc 2d 290, *affd* 45 AD2d 633).

In addition, the magnitude of the verdict in favor of the plaintiff Jerrold Bell for his injured knee could only have been sustained had the jury found that he acted reasonably in failing to seek vocational rehabilitation. The plaintiff Jerrold Bell had a duty to mitigate his damages consisting of lost earnings to the extent that he reasonably could seek and obtain such rehabilitation *(see, e.g., Rapisardi v United Fruit Co.,* 441 F2d 1308). The only reasons advanced for his failure to do so were an anticipated difficulty in reaching any training site and the tendency of his knee to become stiff and painful if he sat still for periods of more than one hour. We find these excuses insufficient. There was unrefuted testimony that Mr. Bell would be able to drive a car which had specifically equipped controls. This would allow him to reach any location within a reasonable distance. His doctor's concern that he could not "walk a lot of stairs" is of no evidentiary value since Mr. Bell concededly did not even attempt to learn the locations at which any available training might be obtained. Nor is his knee's tendency to stiffen persuasive. Many persons with similar problems manage to hold sedentary jobs, coping, for example, by standing up and stretching periodically *(cf. Senko v Fonda,* 53 AD2d 638, 640; *Jenkins v Barrasso,* 96 AD2d 527,

*supra).* Public policy favors "the useful employment of every citizen" *(Campbell v North Am. Brewing Co.,* 22 App Div 414, 416) wherever this goal can be reasonably attained. Accordingly, Mr. Bell was entitled, at most, to damages for partial loss of earning capacity. A proper award for such damages, plus an adequate award for pain and suffering, is $300,000 *(see, Jenkins v Barrasso, supra; Wedin v New York City Tr. Auth.,* 80 AD2d 894). Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.