■ SUSAN A. WHITE et al., Respondents, v ROBERT H. SMITH et al., Appellants. (And a Third-Party Action.)—In an action *inter alia,* for specific performance of a contract for the sale of real property, and in a summary holdover proceeding pursuant to RPAPL article 7, the appeal is from an order of the Supreme Court, Nassau County (Kelly, J.), dated September 24, 1985, which granted the respondents' motion to restore the then-consolidated matters to the Trial Calendar.

Ordered that the order is modified so as to provide that the parties and the third-party defendant shall have leave to conduct examinations before trial of one another and of the nonparty witness Arthur Shaw, which examinations shall be conducted at the Supreme Court, Nassau County, on February 9, 1987, or at such other place and time, within 30 days of the date of this decision and order, as they may agree, and shall conduct such other discovery as they deem proper within 30 days after the date of this decision and order, at the conclusion of which the specific performance action shall be restored to the Ready Calendar of the Justice to whom such action has been assigned for immediate trial (22 NYCRR 202.22 [a] [6]); as so modified, the order is affirmed, without costs or disbursements.

In compliance with this court's order dated February 18, 1986 (see, *White v Smith,* 117 AD2d 734), the summary holdover proceeding was severed from the specific performance action and was placed on the calendar of the District Court, Nassau County. Consequently, only so much of the order of September 24, 1985 as restored the specific performance action to the Trial Calendar of the Supreme Court, Nassau County, is the subject of this appeal.

A review of the record discloses that pretrial discovery in the specific performance action has not been completed due, in substantial part, to the appellants' dilatory conduct. Under the unusual circumstances of this case, the specific performance action should be restored to the Trial Calendar with leave to the parties to expeditiously complete pretrial discovery (see, 22 NYCRR former 675.6, now 22 NYCRR 202.21 [d]). Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.