■ ANDREW MARSICO, Individually and as Administrator of the Estate of TODD MARSICO, Deceased, Appellant, v SOUTH-LAND CORPORATION, Doing Business as "7/11" and/or "SEVEN-ELEVEN", et al., Respondents and Third-Party Plaintiffs. PETER BROWN, Third-Party Defendant.—Motion by the plaintiff, *inter alia,* to strike the "Brief and Appendix" of the defendant Southland Corporation, doing business as "7/11" and/or "Seven-Eleven", on the ground that said "Brief and Appendix" were untimely served and filed.

Cross motion by the defendant Southland Corporation, doing business as "7/11" and/or "Seven-Eleven", to dismiss the plaintiff's appeal from the judgment of the Supreme Court, Nassau County, dated April 6, 1987, on the ground that the record submitted by the plaintiff on appeal did not contain a subsequent order of the Supreme Court, Nassau County, dated February 1, 1988, which denied the plaintiff's motion for leave to reargue and/or renew.

Upon the papers submitted in support of the motion and cross motion and in opposition thereto, it is,

Ordered that that branch of plaintiff's motion which was to strike the "Brief and Appendix" of the defendant Southland Corporation, doing business as "7/11" and/or "Seven-Eleven", is granted; that branch of the plaintiff's motion which sought costs with respect to this motion, including reasonable attor-ney's fees, is granted only to the extent that the plaintiff is awarded $100 costs to be paid by the defendant Southland Corporation, doing business as "7/11" and/or "Seven-Eleven";

and the other branches of the plaintiff's motion are denied as academic; and it is further,

Ordered that the cross motion of the defendant Southland Corporation, doing business as "7/11" and/or "Seven-Eleven", is denied.

We initially note that in this case, counsel for the defendant Southland Corporation, doing business as "7/11" and/or "Seven-Eleven" (hereinafter Southland), has pursued a dilatory course of conduct with respect to the service of their papers in this matter in general. Further, counsel has offered no reasonable excuse for their five-month delay in filing their respondent's brief. Moreover, the cross motion is specious. The plaintiff's record on appeal properly included the April 6, 1987 judgment they sought review of upon their appeal. The plaintiff was not required to include the subsequent order, dated February 1, 1988 which denied his motion for leave to reargue and/or renew *(see,* CPLR 5517 [a] [3]; *Harper v Prudential Ins. Co.,* 102 AD2d 863). Contrary to Southland's specific contention, in its February 1, 1988 order the Supreme Court did not, in effect, grant reargument, and then adhere to its original determination. In any event, even if this February 1, 1988 order were so construed, CPLR 5517 (a) does not mandate review, but merely indicates that this court "may" review such a subsequent order and the February 1, 1988 order, for which a notice of appeal was not filed, would not render academic the appeal from the April 6, 1987 judgment *(see,* CPLR 5517 [a] [1]; *Calvo v Peros,* 49 AD2d 744). Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.