■ S.A.B. Enterprises Inc., Doing Business as Brady's Laundry and Dry Cleaning, Respondent, v Village of Athens, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Connor, J.), entered June 20, 1991 in Greene County, which granted plaintiff's motion for a protective order.

This appeal arises from an order precluding defendant from conducting additional discovery. This action, commenced in 1973, has a lengthy procedural history which includes four trials. Appeals in this case were taken to this court on two previous occasions, most recently following the completion of the fourth trial *(see,* 164 AD2d 558). At that time, we upheld the jury's verdict with respect to defendant's liability and, finding the award of damages unsupported by adequate proof, remitted the matter to Supreme Court for a new trial solely on the issue of damages *(see, supra).*

Thereafter, defendant served plaintiff with a discovery notice seeking various financial information regarding plaintiff, including State and Federal income tax returns, records of stockholder dividend distributions, and all books and records documenting gross income and expenses from the date when plaintiff commenced operation. Plaintiff promptly moved for a protective order barring the discovery sought on the grounds that, *inter alia,* defendant's discovery request did not comply

with 22 NYCRR 202.21 (d) and that defendant had a sufficient opportunity to conduct the necessary discovery prior to the commencement of the last trial in 1989. Supreme Court granted the motion and this appeal ensued.

We affirm. Initially, we note that the proper procedure for seeking permission to conduct additional discovery after the filing of a note of issue and certificate of readiness is to make a motion supported by affidavit (see, 22 NYCRR 202.21 [d]). Defendant failed to follow that procedure here, instead serving plaintiff with a discovery notice, which in turn prompted plaintiff to seek a protective order. Even considering defendant's affidavit in opposition to plaintiff's motion for a protective order as one in support of a request for additional pretrial proceedings, we find no abuse of discretion in Supreme Court's ref·al to permit further discovery.

Pursuant to 22 NYCRR 202.21 (d), a court may, in order to prevent substantial prejudice, grant permission to conduct additional pretrial proceedings "[w]here unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness". In this case, defendant asserts that it made several unsuccessful attempts since the commencement of the action to obtain the materials now sought. This contention essentially amounts to a claim of incomplete discovery and is insufficient to warrant further discovery at this time (see, Di Maria v Coordinated Ranches, 114 AD2d 397, 398; Gravina v First Presbyt. Church, 103 AD2d 819, 820). Notwithstanding defendant's failure to secure the requested information at any point prior to the September 1989 trial, it apparently proceeded with that trial without objection. Under these circumstances, Supreme Court's grant of a protective order denying further pretrial proceedings should be affirmed (see, Price v Bloomingdale's, 166 AD2d 151, 152; Boisvert v Town of Grafton, 131 AD2d 910, 911; Huttner v Mayberry, 96 AD2d 527).

Casey, J. P., Weiss, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.