■ ALEXANDER LYONS et al., Respondents, v WILLIAM SAPERSTEIN, Defendant, and HUNTINGTON HOSPITAL, Appellant. [610 NYS2d 530] —In an action to recover damages for medical malpractice, etc., the defendant Huntington Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated August 13, 1991, as denied those branches of its cross motion which were to quash subpoenas and demands for discovery and inspection, and to strike stated portions of supplemental verified bills of particulars.

Ordered that the order is modified, as a matter of discretion, by deleting the provisions thereof which denied those branches of the cross motion which were to quash the subpoenas and demands for discovery and inspection and substituting therefor provisions granting those branches of the cross motion, and deleting the provision thereof which denied that branch of the cross motion which was to strike the second further supplemental verified bill of particulars dated October 25, 1990, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the matter is restored to the trial calendar of the Supreme Court, Suffolk County.

This action was begun in 1980 to recover damages sustained by the infant plaintiff as the result of the alleged medical malpractice of his pediatrician and the appellant Huntington Hospital (hereinafter the Hospital). The plaintiffs served bills of particulars in 1981. In 1983 they served and filed a certificate of readiness for trial. In 1987 the plaintiffs settled the action against the pediatrician, but essentially took no further action against the Hospital until retaining new counsel in 1990. When the case was called for trial, and over the strenuous opposition of the appellant, the plaintiffs ultimately succeeded in having the case marked off the calendar and the trial stayed for the purpose of deposing two of the infant's physicians in Atlanta, Georgia, where the infant resides in a health-care facility. Both doctors had refused to come to New York to testify at the trial.

However, the plaintiffs then also served subpoenas and notices for discovery and inspection, which essentially sought to reopen all discovery proceedings against the appellant. The

plaintiffs also served supplemental bills of particulars. Upon a motion to enforce the discovery demands and cross motion, *inter alia,* for a protective order and to strike certain particulars from the supplemental bills of particulars, the court held that because the case had been marked off the calendar, the case had returned to its status prior to the filing of the certificate of readiness. In so holding, the court relied on our decision in *Carte v Segall* (134 AD2d 396). Most of the discovery was thus permitted. The court also permitted all the new allegations contained in the new bills of particulars to stand.

We conclude that none of the discovery may be permitted at this late date. Contrary to the plaintiffs' contentions, *Carte v Segall (supra),* does not support their position. In *Carte v Segall (supra),* the case was marked off the calendar to permit the completion of necessary, outstanding discovery. The instant case was marked off the calendar for the very limited purpose of obtaining the testimony of two witnesses who could not be brought to New York for the trial. Thus, the purpose underlying the rule upon which the plaintiffs rely is absent here. Rather, in view of the many years' delay, the present case falls under well-established authority that additional pretrial proceedings may not be sought after the note of issue has been filed unless good cause is shown. The delinquencies of prior counsel, upon which the plaintiffs rely, is insufficient to deviate from this rule *(see,* 22 NYCRR 202.21 [e]; *Ehrhart v County of Nassau,* 106 AD2d 488; *Shore v Lubov,* 46 AD2d 668; *see also, Di Maria v Coordinated Ranches,* 114 AD2d 397).

As to the supplemental bills of particulars, we conclude that the allegations found in the September 10, 1990, bill essentially amplify those made in 1981 and are not truly so new that it may fairly be said that the appellant has been taken by surprise. However, the supplemental bill of particulars dated October 25, 1990, introduces wholly new categories of special damages, and thus cannot stand *(see, Pearce v Booth Mem. Hosp.,* 152 AD2d 553). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.