■ BREAKERS MOTEL, INC., et al., Respondents, v SUNBEACH MONTAUK TWO, INC., et al., Appellants. [612 NYS2d 882] —In an action pursuant to RPAPL article 15, the defendants appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated March 11, 1992, which denied their motion to strike the note of issue and vacate a prior order of the same court, dated November 1, 1991, which (a) certified the action ready for trial and (b) ordered that no action commenced by a defendant pursuant to RPAPL article 15 be joined or consolidated for trial unless commenced no later than January 24, 1992.

Ordered that the order is affirmed, with costs.

The appellants, having long failed to seek enforcement of their notices to examine two of the respondents, argue that the Supreme Court erred in denying their motion, inter alia, to strike the plaintiffs' note of issue on the ground that discovery was not complete. Richardson v Bloomingdale's (157 AD2d 585) illustrates the lack of merit to the appellants' contention: "Cognizant as we are of the difficulties encountered by IAS courts in supervising the preparation of the cases assigned to them for trial and understanding the court's reluctance to reward movant's inaction * * * we find no improvident exercise of discretion in its ruling" (see also, Di Maria v Coordinated Ranches, 114 AD2d 397). Nor is there any merit to the appellants' further contention that the court improvidently exercised its discretion by refusing to allow consolidation or joint trial of any action that might be brought by them pursuant to RPAPL article 15 more than approxi-

mately three months after the present case was certified ready for trial (see, CPLR 602; *White v Smith,* 117 AD2d 734). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.