■ SUSAN L. McCARTHY, Respondent, v PALL CORPORATION et al., Appellants. [625 NYS2d 296] —In an action, *inter alia,* to recover damages for sexual harassment and wrongful termination pursuant to Executive Law article 15, the defendants appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered October 28, 1993, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion which was for summary judgment dismissing the complaint against Pall Corporation, and substituting therefor a provision granting that branch of the motion, dismissing the complaint insofar as it is asserted against Pall Corporation, and severing the action against the remaining defendants; as so modified, the order is affirmed, without costs or disbursements.

The defendants' submission of evidence of the plaintiff's fraud acquired after her discharge from employment does not entitle them to judgment as a matter of law *(see, Reinach v Wisehart,* 209 AD2d 332). Rather, after-acquired evidence is relevant to a determination of damages and what other remedies to impose, if and when a violation by the employer is found *(see, McKennon v Nashville Banner Publ. Co.,* 513 US —, 115 S Ct 879; *Moodie v Federal Reserve Bank,* 831 F Supp 333, 336).

However, the order appealed from must be modified, and the complaint dismissed insofar as it is asserted against Pall Corporation, because the plaintiff failed to set forth sufficient facts to warrant piercing the corporate veil of Pall Corporation *(see, Pebble Cove Homeowners' Assn. v Fidelity N. Y. FSB,* 153 AD2d 843). Moreover, the record is devoid of any indication that the plaintiff undertook discovery on this issue, although the defense that Pall Corporation was not a proper party to the action was asserted over two years before the defendants brought their motion for summary judgment. Thus, additional time for discovery is not warranted *(see, Monteleone v Incorporated Vil. of Floral Park,* 123 AD2d 312, 314). Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.