■ JAMES R. AMAN et al., Respondents, v FEDERAL EXPRESS CORPORATION, Appellant, et al., Defendant. FEDERAL EXPRESS CORPORATION et al., Third-Party Plaintiffs, v METRO ELECTRICAL CONSTRUCTION CORP., Third-Party Defendant-Appellant. (Appeal No. 1.) [703 NYS2d 429] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Amend Pleading.) Present—Green, J. P., Hayes, Scudder and Balio, JJ.

■ JAMES R. AMAN et al., Respondents, v FEDERAL EXPRESS CORPORATION, Appellant, et al., Defendant. FEDERAL EXPRESS CORPORATION et al., Third-Party Plaintiffs, v METRO ELECTRICAL CONSTRUCTION CORP., Third-Party Defendant-Appellant. (Appeal No. 2.) [701 NYS2d 571] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past and future pain and suffering only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to decrease the verdict to $250,000 for past pain and suffering and $750,000 for future pain and suffering, in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: Federal Express Corporation (defendant) and third-party defendant, Metro Electrical

Construction Corp. (Metro), appeal from a judgment of Supreme Court awarding damages to James R. Aman (plaintiff) for past and future pain and suffering, past and future lost earnings and benefits, and medical expenses and to plaintiff's wife for loss of services. Plaintiff was injured when he received an electrical shock and fell off a ladder. The issue of liability was decided in an earlier appeal (*Aman v Federal Express Corp.*, 247 AD2d 879), and the parties proceeded to trial on the issue of damages.

Defendant and Metro contend that the court erred in refusing to give a charge on vocational rehabilitation as part of its charge on mitigation of damages; that the verdict is excessive because the jury awarded damages greater than requested in the ad damnum clause; and that the award for pain and suffering is excessive in light of the nature of the injuries sustained by plaintiff.

The charge on mitigation of damages reasonably comported with PJI 2:325. The court properly charged the jury to consider whether plaintiff "reasonably could have and should have obtained other employment once he was advised by his physicians that he was permanently disabled from electrical construction work but capable of performing light or sedentary work". The court further charged the jury to consider whether plaintiff "can reasonably be expected to obtain such other employment and the amount of earnings he can be expected to achieve in that capacity". Thus, the charge, when considered as a whole, sufficiently incorporated defendant's and Metro's requested charge (*see, Taylor v New York City Tr. Auth.*, 48 NY2d 903, 904-905).

Defendant and Metro rely on *Bell v Shopwell, Inc.* (119 AD2d 715) to support their contention that plaintiff was required to mitigate his loss of earnings by reasonably seeking vocational rehabilitation. There, however, the injured plaintiff made no effort to attend vocational rehabilitation and his excuses were deemed "insufficient" in light of the evidence presented (*Bell v Shopwell, Inc., supra*, at 716). Here, plaintiff attempted to obtain vocational rehabilitation, met with counselors to discuss his employment history and possible future employment, made several efforts to obtain employment, and was attending a computer repair class at the time of trial. The evidence therefore did not warrant the charge requested by defendant and Metro. We reject the contention that the court erred in refusing to permit the vocational rehabilitation expert to testify about the tendency of litigants not to seek vocational rehabilitation counseling. That testimony was speculative, particularly in view of the fact that the expert did not interview plaintiff.

We conclude, however, that the award of $450,000 for past pain and suffering and $1,000,000 for future pain and suffering deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]; *LaPort v Bojedla*, 262 AD2d 1025; *Faulise v Trout*, 254 AD2d 755). We modify the judgment, therefore, by vacating the award of damages for past and future pain and suffering, and we grant a new trial on damages for past and future pain and suffering only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to decrease the verdict to $250,000 for past pain and suffering and $750,000 for future pain and suffering, in which event the judgment is modified accordingly and as modified affirmed. (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—Negligence.) Present—Green, J. P., Hayes, Scudder and Balio, JJ.