■ Alan Nisselson, as Chapter 7 Trustee of D.S.R. Asbestos Removal Co., Inc., Respondent-Appellant, v Hercules Construction Corp., Appellant-Respondent, et al., Defendants. [704 NYS2d 493] —In an action, *inter alia,* to recover damages for

breach of contract, the defendant Hercules Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated September 25, 1998, as granted the motion of Alan Nisselson, the Trustee in Bankruptcy of D.S.R. Asbestos Removal Co., Inc., to vacate the dismissal of the action and to restore the case to the calendar, and Alan Nisselson, the Trustee in Bankruptcy of D.S.R. Asbestos Removal Co., Inc., cross-appeals, as limited by his brief, from so much of the same order as granted the oral application of Hercules Construction Corp. for leave to continue discovery.

Ordered that on the Court's own motion, the notice of cross appeal is treated as an application for leave to cross-appeal, and leave to cross-appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as cross-appealed from, and the oral application of Hercules Construction Corp. is denied; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that Alan Nisselson, the Trustee in Bankruptcy of D.S.R. Asbestos Removal Co., Inc., is awarded one bill of costs.

The granting of the motion of Alan Nisselson, the Trustee in Bankruptcy of D.S.R. Asbestos Removal Co., Inc. (hereinafter the Trustee), to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the case to the calendar was a provident exercise of discretion (see, Morales v City of New York, 251 AD2d 469). Contrary to the contention of the defendant Hercules Construction Corp. (hereinafter the defendant), the Trustee made the requisite showing of a reasonable excuse for the delay, a meritorious cause of action, a lack of prejudice to the opposing party, and a lack of intent to abandon the action (see, Clayton-Garcia v Moskin, 256 AD2d 299; Henne v Lefrak, 246 AD2d 628, 629; Acciarito v Homedco, Inc., 237 AD2d 236).

The Supreme Court erred in granting the defendant's oral application for further discovery, where the defendant did not avail itself of discovery for over three years (see generally, McCarthy v Pall Corp., 214 AD2d 705; Lyons v Saperstein, 202 AD2d 401; Berger v Gilbert, 65 AD2d 882). The defendant's retention of new counsel is not a sufficient reason to permit it to continue discovery under the circumstances (see generally, Lyons v Saperstein, supra; Ehrhart v County of Nassau, 106 AD2d 488).

The defendant's remaining contention is without merit. Ritter, J. P., Altman, Luciano and Feuerstein, JJ., concur.