■ CHASE AUTOMOTIVE FINANCE CORPORATION, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [721 NYS2d 116] —Lahtinen, J. Appeal from an order of the County Court of Albany County (Breslin, J.), entered May 17, 2000, which granted plaintiff's motion for summary judgment.

Plaintiff financed the purchase of a motor vehicle by Alfred Pulcini and Nancy Pulcini for the use and benefit of Nancy Pulcini's sister, Susan Inman, who was unable to obtain the loan herself because of a poor credit rating. Inman supplied the down payment and made the monthly payments on the loan. The vehicle was originally titled, registered and insured in Alfred Pulcini's name. Subsequently, the registration was changed to Inman's name and she insured the vehicle with defendant listing plaintiff as a lienholder on the policy of insurance.

Approximately nine months after the vehicle was purchased, Inman reported it stolen to the police, notified defendant and thereafter completed an affidavit of vehicle theft on a form provided by defendant. Defendant referred the matter to its

special investigation unit to determine if Inman had an insurable interest in the vehicle since she was not the record title holder and to investigate the legitimacy of the claim because questions of fraud were raised by Inman's poor financial condition and inconsistencies in the statements given by Inman and Alfred Pulcini. During the investigation, defendant reported the matter to the State Insurance Fraud Bureau and requested Inman to submit to an examination under oath and complete and submit a notarized proof of loss form. After adjourning her examination under oath three times, Inman withdrew her claim under the policy without supplying the requested proof of loss or submitting to an examination under oath.

Plaintiff thereafter commenced this action alleging that defendant was contractually obligated to pay it, as lienholder, for the loss of the vehicle. Defendant answered asserting 15 affirmative defenses. Plaintiff moved for summary judgment arguing that none of defendant's affirmative defenses applied to its claim under the policy. Defendant opposed plaintiff's motion arguing that there was no loss to the insured vehicle (first affirmative defense), that the action is barred by Inman's fraud (third affirmative defense), that the action is barred by Inman's material misrepresentations (fourth affirmative defense), that the action is barred because Inman had no insurable interest in the insured vehicle (fifth affirmative defense), that Inman failed to submit the requested sworn proof of loss (fifteenth affirmative defense), that the loss payable clause set forth in defendant's policy clearly excludes payment to plaintiff as lienholder because the proof shows that Inman and/or the Pulcinis converted, embezzled or secreted the insured vehicle, and that plaintiff's motion was premature since depositions of Inman and the Pulcinis have not yet been completed. County Court granted plaintiff's motion refusing to reach the merits of defendant's policy exclusion defense, holding that the defense was not pleaded in defendant's answer and was thereby waived, that defendant's speculative assertions of fraudulent conduct on the part of Inman or the Pulcinis were insufficient to raise a question of fact with respect to plaintiff's claim and that defendant provided no valid reason why additional time for further discovery was needed. Defendant now appeals and we affirm.

On appeal defendant does not dispute the sufficiency of plaintiff's prima facie case under the subject policy of insurance, accepting its burden to come forward with admissible proof in evidentiary form to raise a triable issue of fact (*see*, *GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 968).

Defendant asserts that the above-mentioned affirmative defenses and the policy exclusion defense set forth in the loss payable clause raise several questions of fact sufficient to defeat plaintiff's motion, requiring reversal of County Court's order.

Initially, we note that while defendant's brief focuses on the merits of the policy exclusion defense, it does not address County Court's determination that it would not consider the merits of that defense because defendant waived it by failing to plead it in its answer. Accordingly, the propriety of County Court's ruling is not properly before this Court for review on this appeal (*see, Matter of Corines v State Bd. for Professional Med. Conduct*, 267 AD2d 796, 797, n 2, *lv denied* 95 NY2d 756; *Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2) and it will not be disturbed.

Moving to defendant's reliance on the affirmative defenses set out above, the third, fourth and fifth affirmative defenses allege fraudulent actions on the part of Inman and the Pulcinis. However, the relevant portion of the loss payable clause under which plaintiff makes its claim as lienholder plainly states that payment to a lienholder "will not be voided by any act or neglect of the owner of that auto." Accordingly, such actions on the part of Inman and the Pulcinis, even if supported by credible evidence, cannot be imputed to plaintiff and used as a defense to the instant action. Moreover, the record contains no evidence that Inman made any misrepresentations in applying for insurance and defendant's own agent admitted that he never asked if Inman held title to the vehicle. Defendant's conclusory assertions that the action or inaction of Inman in this matter amounted to "conversion, embezzlement or secretion" are insufficient to raise an issue of fact (*see, Matter of Izzo v Lynn*, 271 AD2d 801).

Defendant's first affirmative defense, based on its assertion that no loss occurred, is similarly without merit. Inman filed a sworn affidavit of vehicle theft and the matter was promptly reported to the authorities as required by the terms of the policy and the vehicle was never found. Inman's refusal to submit an additional sworn proof of loss, attend an examination under oath and the fact she withdrew her own claim, although a clear renunciation of her own coverage under the policy, had no impact on plaintiff's rights given the clear provision of the loss payable clause which precludes forfeiture of payment to a lienholder because of the "act or neglect" of the owner of the vehicle.

Defendant's fifteenth affirmative defense that Inman failed to submit a proof of loss cannot be used to defeat plaintiff's

contractual rights for the reasons previously discussed. Furthermore, no defense alleging that plaintiff failed to fulfill its obligations under the policy's loss payable clause by submitting the required proof of loss is pleaded in defendant's answer nor did defendant argue such position before County Court, precluding its argument for the first time before this Court (*see, Abulhasan v Uniroyal-Goodrich Tire Co.*, 258 AD2d 728, 729; *General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759).

Finally, defendant's argument that it was entitled to further discovery (*see,* CPLR 3212 [f]) must be rejected. Defendant had more than a year from the time this action was commenced to the time plaintiff moved for summary judgment to take the depositions of Inman and the Pulcinis but did not do so (*see, McCarthy v Pall Corp.*, 214 AD2d 705; *O'Melia v Antoncic*, 176 AD2d 792). Additionally, defendant has offered no evidence to persuade us that further discovery would disclose facts essential to its opposition of plaintiff's motion (*see, Murray v SYSCO Corp.*, 273 AD2d 760).

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.