■ FRED REITMAN, Appellant, v ST. FRANCIS HOSPITAL et al., Respondents. [767 NYS2d 843]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 22, 2002, as granted the defendants' respective motions to preclude expert witness "E" from testifying at the trial and to strike his amended bill of particulars and as denied those branches of his cross motions which were to deem the service of expert witness "E" disclosure and the amended bill of particulars before reinstatement of the note of issue to be proper, or alternatively, for leave to serve the amended bill of particulars.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, the defendants' respective motions to preclude expert "E" from testifying at the trial and to strike the amended bill of particulars are denied, and those branches of the plaintiff's cross motions which were to deem the service of expert witness "E" disclosure and the amended bill of particulars before reinstatement of the note of issue to be proper are granted.

Under the circumstances of this case, the Supreme Court's vacatur of the plaintiff's note of issue pursuant to 22 NYCRR 202.21 (e), upon the plaintiff's letter request, did not bar the plaintiff from engaging in reasonable further disclosure, including the service of expert disclosure and an amended bill of

particulars (*see generally Carte v Segall,* 134 AD2d 396 [1987]). Contrary to the defendants' arguments, the case of *Lyons v Saperstein* (202 AD2d 401 [1994]), is not controlling here. In *Lyons,* the note of issue was not vacated, but the case was "marked off" the trial calendar to permit two discrete items of disclosure. As this Court held in *Basetti v Nour* (287 AD2d 126, 132 [2001]), a case marked off the calendar pursuant to CPLR 3404 does not automatically result in the vacatur of the note of issue. Thus, marking a case off pursuant to CPLR 3404 would not necessarily result in permission to conduct further disclosure and, therefore, the holding of that case is distinguishable from the case at bar.

Similarly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was to deem proper the service of the amended bill of particulars before reinstatement of the note of issue (*see* CPLR 3042 [b]). The amendment to the bill of particulars consisted merely of a specification of the more general statement in the original bill of particulars that the defendants were negligent in failing to administer, perform, and order treatments and procedures in order to prevent the injuries complained of. Santucci, J.P., Adams, Crane and Cozier, JJ., concur.