■ KARLENE GORDON, Appellant, v COUNTY OF NASSAU et al., Respondents. [659 NYS2d 514] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated May 16, 1996, as granted the defendants' motion to compel her to appear for a physical examination.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which sought to compel the plaintiff to appear for a physical examination is denied.

The defendants failed to comply with several court orders directing them to conduct a physical examination of the

plaintiff within a specific time frame, including an order dated November 30, 1992, which directed the defendants to do so within 90 days and also directed the plaintiff to file a note of issue within that same period of time. The plaintiff did thereafter file a note of issue on January 19, 1993. It was not until March 1, 1994, however, that the defendants designated a physician to conduct the examination and not until March 14, 1996, that the defendants moved, *inter alia,* for an order compelling the plaintiff to submit to a physical examination.

The Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was to compel the plaintiff to undergo a physical examination. The budget crisis and resulting layoffs which befell the County Attorney's Office in 1991 do not constitute "unusual or unanticipated circumstances" that developed subsequent to the filing of the note of issue and certificate of readiness as would require pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]; *Fox Co. v Sleicher,* 186 AD2d 537). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.