■ ADRIENE M. CONRAD, Respondent, v PAUL CONRAD, Appellant. [739 NYS2d 628] —In an action for a divorce and ancillary relief, the defendant husband appeals (1) from an order of the Supreme Court, Dutchess County (Amodeo, J.), dated April 18, 2001, which, inter alia, denied his motion to strike the plaintiff's note of issue, (2), as limited by his brief, from so much of an order of the same court, dated July 19, 2001, as denied his motion for leave to reargue, and (3) an order of the same court (Schachner, R.), dated October 19, 2001, which, in effect, denied his motion for further discovery.

Ordered that the appeal from the order dated July 19, 2001, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders dated April 18, 2001, and October 19, 2001, are affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is undisputed that the defendant did not move to vacate the note of issue within 20 days after it was filed. Accordingly, he was required to demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness which required additional discovery to prevent substantial prejudice (see 22 NYCRR 202.21 [d]; Audiovox Corp. v Benyamini, 265 AD2d 135). We agree with the Supreme Court that the defendant failed to demonstrate such unusual or unanticipated circumstances. Thus, the Supreme Court providently exercised its discretion in denying the defendant's motion, and precluding the defendant from calling an expert on the issue for which it sought additional discovery. Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.