■ MARIA ISABEL GOMEZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [795 NYS2d 909]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated July 7, 2004, which granted the motion of the defendant New York City Transit Authority, inter alia, to strike the note of issue and compel discovery to the extent of directing her to submit to a deposition and physical examination.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, and the motion is denied.

Since the defendant New York City Transit Authority (hereinafter the NYCTA) failed to move to vacate the note of issue within 20 days after its filing (see 22 NYCRR 202.21 [e]; *Rodriguez v Sau Wo Lau*, 298 AD2d 376 [2002]), it was required to demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness requiring additional pretrial proceedings to prevent substantial prejudice (see 22 NYCRR 202.21 [d]; *Audiovox Corp. v Benyamini*, 265 AD2d 135 [2000]). The NYCTA failed to demonstrate any unusual or unanticipated circumstances subsequent to the filing of the note of issue which would warrant an additional deposition and physical examination of the plaintiff (see *Jacques v City of New York*, 7 AD3d 576 [2004]; *James v New York City Tr. Auth.*, 294 AD2d 471 [2002]; *Mayo v Lincoln Triangle Assoc.*, 248 AD2d 362 [1998]; *Gordon v County of Nassau*, 241 AD2d 478 [1997]). Accordingly, the Supreme Court improvidently exercised its discretion in directing the

deposition and physical examination of the plaintiff. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.