■ UTICA MUTUAL INSURANCE COMPANY et al., Respondents, v P.M.A. CORPORATION et al., Appellants. (Action No. 1.) CNA INSURANCE COMPANY, as Subrogee of DEBORAH SMITH, Plaintiff, v P.M.A. CORPORATION, Defendant. (Action No. 2.) BENJAMIN MAGGIO et al., Respondents, v PLATZNER MANAGEMENT CO., Defendant, and P.M.A. CORPORATION, Appellant. (And Other Titles.) (Action No. 3.) [826 NYS2d 138]—

In several related actions, inter alia, to recover damages for negligence, etc., P.M.A. Corporation, a defendant in action Nos. 1 and 3, and Platzner International Group, Ltd., a defendant in action No. 1, appeal from an order of the Supreme Court, Westchester County (Nicolai, J.) entered October 28, 2005, which denied that branch of their motion which was to strike the note

of issue and certificate of readiness and granted that branch of their motion which was for permission to conduct further discovery only to the extent of directing that certain discovery in action No. 3 be completed by a date certain.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the appellants' motion which was to strike the note of issue and certificate of readiness. Since the appellants failed to move to vacate the note of issue within 20 days after its filing (*see* 22 NYCRR 202.21 [e]; *Rodriguez v Sau Wo Lau,* 298 AD2d 376 [2002]), they were required to demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness requiring additional pretrial proceedings to prevent substantial prejudice (*see* 22 NYCRR 202.21 [d]; *Gomez v New York City Tr. Auth.,* 19 AD3d 366 [2005]; *Conrad v Conrad,* 293 AD2d 442, 443 [2002]; *Audiovox Corp. v Benyamini,* 265 AD2d 135, 140 [2000]). The substitution of new counsel or the delinquencies of predecessor counsel alone is insufficient to show the presence of unusual or unanticipated circumstances subsequent to the filing of the note of issue and certificate of readiness (*see Nisselson v Hercules Constr. Corp.,* 269 AD2d 507 [2000]; *Lyons v Saperstein,* 202 AD2d 401, 402 [1994]; *Ehrhart v County of Nassau,* 106 AD2d 488 [1984]).

The Supreme Court providently exercised its discretion in granting that branch of the appellants' motion which was for permission to conduct further discovery only to the extent of directing the appellants to complete certain discovery in action No. 3 by a date certain in view of the many years of delay (*cf. Nisselson v Hercules Constr. Corp., supra; see Lyons v Saperstein, supra*). Schmidt, J.P., Ritter, Mastro, Fisher and Dillon, JJ., concur.