■ JAMES WHITE, Respondent, v THERESA MAZELLA-WHITE, Appellant. [877 NYS2d 106]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from (1) stated portions of an order of Supreme Court, Westchester County (Donovan, J.), dated January 19, 2006, which, inter alia, determined her equitable interest in the marital residence, (2) stated portions of an order of the same court (Giacomo, J.), dated February 6, 2006, which, inter alia, denied that branch of her motion which was to vacate a stipulation of settlement dated October 20, 2005, regarding the parties' equitable interest in the marital residence, (3) so much of an order of the same court (Donovan, J.), dated July 21, 2006, as denied her motion to vacate the note of issue and for leave to conduct further discovery, (4) so much of an order of the same court (Donovan, J.), also dated July 21, 2006, as denied her motion for leave to supplement the record on her motion to vacate the note of issue, (5) so much of an order of the same court (Scarpino, J.), dated July 12, 2007, as directed her to order and pay for Special Referee hearing transcripts on or before August 21, 2007, and granted the plaintiff's motion for an award of counsel fees in the sum of $1,500 pursuant to 22 NYCRR 130-1.1 (a), and (6) stated portions of a judgment of the same court (Donovan, J.), dated July 16, 2007, which, inter alia, incorporated by reference stipulations entered into by the parties on January 23, 2004, and September 13, 2005, and awarded her the principal sum of only $85,000 in equitable distribution payable to her trustee in bankruptcy.

Ordered that the appeal from the orders are dismissed, without costs or disbursement; and it is further,

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the second decretal paragraph thereof incorporating by reference a stipulation entered into by the parties on January 23, 2004, (2) by deleting the third decretal paragraph thereof and substituting therefor the following decretal paragraph: "Ordered and adjudged that so much of the order of the Hon. William J. Giacomo, a Justice of this Court, dated February 6, 2006 (Exhibit 'B', annexed) at page 5, as denied that branch of the defendant's motion which was to vacate the aforesaid inquest be made part of this judgment; and it is further," and (3) by deleting the fifth decretal paragraph thereof awarding the defendant the principal sum of $85,000 in equitable distribution payable to the defendant's trustee in bankruptcy; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, the orders are modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and determination in accordance herewith.

The appeals from the intermediate orders must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

During the pendency of this action for a divorce and ancillary relief, the defendant filed for bankruptcy. The trustee in bankruptcy asserted that he possessed any interest the defendant might have to equitable distribution of marital property, and entered into a stipulation of settlement with the plaintiff dated October 20, 2005, settling the defendant's equitable interest in the marital residence for the principal sum of $85,000. The Supreme Court erred in determining that the trustee in bankruptcy had the power to enter into the stipulation determining the defendant's equitable interest in the marital residence, in precluding the defendant from being heard on the question of the distribution of that asset, and in entering judgment in accordance with that stipulation. The order of the United States Bankruptcy Court which appointed the trustee in bankruptcy authorized him to appear in the parties' matrimonial action on behalf of the bankruptcy estate. At that point in the litigation, however, judgment had not yet been entered and, therefore, any interest that the defendant may have had in marital property by virtue of her right to equitable distribution of marital property had not yet vested in the bankruptcy estate (*see Musso v Ostashko*, 468 F3d 99, 105-106, 108 [2006]). As a result, the

trustee had no authority to relinquish the defendant's equitable distribution rights. Thus, the Supreme Court erred in denying that branch of the defendant's motion which was to vacate the stipulation of settlement dated October 20, 2005, and the matter must be remitted to the Supreme Court for a hearing and determination with respect to the defendant's equitable interest in the marital residence.

As the parties are in agreement that the open court stipulation dated January 23, 2004, was not binding upon them at the time of the execution of the judgment, the court erred in incorporating by reference that stipulation (*see* CPLR 5019 [a]; *Spinello v Spinello*, 129 AD2d 694, 695 [1987]). However, the September 13, 2005, stipulation, addressing primarily the custody and support of the parties' two sons, was properly incorporated into the judgment. Agreements made between counsel in open court are binding upon the parties (*see* CPLR 2104; *Nordgren v Nordgren*, 264 AD2d 828, 829 [1999]). The intent of the parties in entering into an open court stipulation is determined by an examination of the entire record (*see McWade v McWade*, 253 AD2d 798 [1998]; *see also Maury v Maury*, 7 AD3d 585, 586 [2004]). Here, the parties' intentions to enter into the September 13, 2005, stipulation were clearly established by the record.

The Supreme Court properly denied the defendant's motion to vacate the note of issue and for leave to conduct further discovery. The motion was made some eight months after the filing of the note of issue. Pursuant to 22 NYCRR 202.21 (e), when a motion to vacate a note of issue is made more than 20 days after service of the note of issue and certificate of readiness, the movant is "required to demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness requiring additional pretrial proceedings to prevent substantial prejudice" (*Utica Mut. Ins. Co. v P.M.A. Corp.*, 34 AD3d 793, 794 [2006] [citations omitted]; *see also Gomez v New York City Tr. Auth.*, 19 AD3d 366 [2005]; *Rodriguez v Sau Wo Lau*, 298 AD2d 376 [2002]). The defendant's belated conclusory attempt to interject an additional issue into the proceedings did not provide the requisite good cause to vacate the note of issue.

The Supreme Court providently exercised its discretion in directing the defendant to pay for Special Referee hearing transcripts. The Supreme Court also providently exercised its discretion in granting the plaintiff's motion for an award of counsel fees in the sum of $1,500 pursuant to 22 NYCRR 130-1.1 (a). The Supreme Court offered the defendant an op-

portunity to request a hearing on the award of counsel fees, but she declined. Given the defendant's waiver of the opportunity to be heard, the Supreme Court properly granted the plaintiff's motion for an award of counsel fees.

The defendant's remaining contentions are without merit. Mastro, J.P., Spolzino, Fisher and Angiolillo, JJ., concur.

Motion by the respondent on appeals from six orders of the Supreme Court, Westchester County, dated January 19, 2006, February 6, 2006, July 21, 2006, and July 12, 2007, respectively, and a judgment of the same court dated July 16, 2007, to dismiss the appeals from the orders dated January 19, 2006, February 6, 2006, and July 21, 2006 (two orders), on the ground that the right of direct appeal from those orders terminated with entry of the judgment dated July 16, 2007. By decision and order on motion of this Court dated September 17, 2007, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is denied as academic in light of our determination of the appeals. Mastro, J.P., Spolzino, Fisher and Angiolillo, JJ., concur.