■ CHRISTOPHER FERRARO et al., Respondents-Appellants, v NORTH BABYLON UNION FREE SCHOOL DISTRICT, Respondent, and WESTERN SUFFOLK BOCES, Appellant-Respondent. [892 NYS2d 507]—

The infant plaintiff, who suffers from developmental delays and other disabilities, alleged that he was injured when he caught one of his fingers in the hinge of a heavy, self-closing door at a school in the defendant North Babylon Union Free School District (hereinafter the district) while attending a special education program operated by the defendant Western Suffolk BOCES (hereinafter BOCES). He commenced this action against both the district and BOCES, alleging, inter alia, negligent supervision, claiming that he should not have been permitted to operate the door without supervision or assistance.

A school's duty to supervise a child is "coextensive with and concomitant to its physical custody of and control over the child" (*Pratt v Robinson*, 39 NY2d 554, 560 [1976]). However, "[w]hen that custody ceases because the child has passed out of the orbit of its authority . . . the school's custodial duty also ceases" (*Pratt v Robinson*, 39 NY2d at 560). Although a school has a statutory duty to provide special education services to children who require them (*Matter of Northeast Cent. School Dist. v Sobol*, 79 NY2d 598, 606 [1992]), where the school has appropriately "contracted-out" that duty, it "cannot be held liable on a theory that the children were in [the school's] physical custody at the time of injury" (*Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 379 [1995]).

Here, the district discharged its duty to provide the infant plaintiff special education services by arranging for him to attend a program provided by BOCES. Since the infant plaintiff passed outside the district's orbit of authority while attending the BOCES program, the Supreme Court properly granted that branch of the district's motion which was for summary judgment dismissing so much of the complaint as alleged negligent supervision against it.

Although schools are not held to a standard of "perfection in supervision," they nevertheless " 'owe[ ] it to [their] charges to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances' " (*Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 304-305 [1965], quoting *Hoose v Drumm*, 281 NY 54, 57-58 [1939]). In this regard, "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]).

Although BOCES met its prima facie burden of showing that it adequately supervised the infant plaintiff, in opposition the plaintiffs raised a triable issue of fact. The infant plaintiff's serious developmental delays and other disabilities documented in his IEP raised a triable issue of fact as to whether BOCES was negligent in permitting him to operate a heavy, self-closing door without supervision or assistance (*see Rodriguez v Board of Educ. of City of New York*, 104 AD2d 978, 978-979 [1984]).

A motion for vacatur of the note of issue and certificate of readiness made more than 20 days after their filing will be granted only where "a material fact in the certificate of readiness is incorrect" or upon "good cause shown" (22 NYCRR 202.21 [e]). To satisfy the requirement of "good cause," the party seeking vacatur must "demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness requiring additional pretrial proceedings to prevent substantial prejudice" (*White v Mazella-White*, 60 AD3d 1047, 1049 [2009], quoting *Utica Mut. Ins. Co. v P.M.A. Corp.*, 34 AD3d 793, 794 [2006]). Here, the plaintiffs neither proffered an excuse for their delay (*id.* at 794), nor "demonstrate[d] . . . unusual or unanticipated circumstances" (*White v Mazella-White*, 60 AD3d at 1049). Accordingly, the court properly denied that branch of the plaintiffs' cross motion which was to vacate the note of issue and certificate of readiness.

The remaining contentions of BOCES are without merit. Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.