■ In the Matter of SOTIRIOS TSOUKAS, Also Known as STEVE TSOUKAS, Appellant, v KONSTANTINOS TSOUKAS et al., Respondents. (Matter No. 1.) KONSTANTINOS TSOUKAS, Respondent, v MINAS TSOUKAS et al., Appellants. (Matter No. 2.) [4 NYS3d 261]—

In a proceeding pursuant to Business Corporation Law § 1104 (a) for the judicial dissolution of a corporation (matter No. 1), and a related action, inter alia, to recover damages for breach of fiduciary duty and waste of corporate assets (matter No. 2), which were joined for trial, Sotirios Tsoukas, also known as Steve Tsoukas, sued in matter No. 2 as Sotiros Tsoukas, Minas Tsoukas, Panayiotis Tsoukas, and Greg Tsoukas appeal (1) from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated April 25, 2013, as granted the motion of Konstantinos Tsoukas and Grecian Pools International Corp. to confirm a referee's report (Corrigan, Ct. Atty. Ref.) dated March 19, 2013, made after a hearing, in effect, denied their cross motion to disaffirm the referee's report, and denied Sotirios Tsoukas' motion to vacate his default in appearing at a hearing on his prior motion to vacate an order of the same court dated April 12, 2012, made upon his failure to appear at a certain valuation hearing in matter No. 1, (2) from a judgment of the same court dated May 9, 2013, (3) from so much of an order of the same court dated October 7, 2013, as denied

that branch of their motion which was to vacate the judgment dated May 9, 2013, and (4) from an amended judgment of the same court dated October 9, 2013, which, upon, inter alia, the order dated April 25, 2013, is in favor of Konstantinos Tsoukas and against them, in effect, jointly and severally, in the principal sum of $301,102.19.

Ordered that the appeals from the order dated April 25, 2013, the order dated October 7, 2013, and the judgment dated May 9, 2013, are dismissed; and it is further,

Ordered that the amended judgment dated October 9, 2013, is modified, on the law and the facts, (1) by deleting the provision thereof awarding damages in favor of Konstantinos Tsoukas, and substituting therefor a provision awarding damages in favor of Grecian Pools International Corp., (2) by reducing the damages awarded from the principal sum of $301,102.19 to the principal sum of $272,331.07, and (3) by deleting the provision thereof, in effect, holding Sotirios Tsoukas, Minas Tsoukas, Panayiotis Tsoukas, and Greg Tsoukas jointly and severally liable for the principal sum awarded, and substituting therefor provisions apportioning liability among them so that the award is against Sotirios Tsoukas and Minas Tsoukas in the principal sum of $268,752.07 and against Panayiotis Tsoukas and Greg Tsoukas in the principal sum of $3,579; as so modified, the amended judgment is affirmed, the order dated April 25, 2013, is modified accordingly, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate second amended judgment; and it is further,

Ordered that one bill of costs is awarded to Konstantinos Tsoukas and Grecian Pools International Corp.

The appeals from the orders dated April 25, 2013, and October 7, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment and amended judgment, respectively, in these matters (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501 [a] [1]). The appeal from the judgment dated May 9, 2013, must also be dismissed, as that judgment was superseded by the amended judgment.

These two related matters arise from disputes over a family-owned business, Grecian Pools International Corp. (hereinafter Grecian Pools), which engages in the sale of swimming pools and pool supplies. Konstantinos Tsoukas (hereinafter Gus), Minas Tsoukas (hereinafter Mike), and Sotirios Tsoukas, also known as Steve Tsoukas (hereinafter Steve), are brothers. Gus

and Mike, who were both directors and officers of Grecian Pools, each owned 50% of the outstanding shares of Grecian Pools. Their brother Steve worked for Grecian Pools, apparently as an independent contractor. Additionally, Mike's sons, Greg Tsoukas and Panayiotis Tsoukas (hereinafter Peter), and Gus's son, Nektarios Tsoukas (hereinafter Nick), were employed by Grecian Pools.

In 2010, after tensions developed over the management of Grecian Pools, Mike allegedly assigned his 50% interest in Grecian Pools to Steve. Thereafter, Greg and Peter allegedly started a competing pool business and Gus allegedly established his own pool business. These matters were both commenced in February 2011. In this regard, Steve commenced matter No. 1, a proceeding pursuant to Business Corporation Law § 1104 (a) (3) for the dissolution of Grecian Pools (hereinafter the dissolution proceeding). Gus, individually, and on behalf of Grecian Pools, commenced matter No. 2, an action alleging that Mike, Steve, Greg, and Peter (hereinafter collectively the Mike parties) wrongfully misappropriated Grecian Pools' assets, converted assets of Grecian Pools for personal use, and violated their fiduciary duties to Grecian Pools (hereinafter the Grecian Pools action). In March 2011, the Supreme Court appointed Gina M. Sgarlato as a temporary receiver for Grecian Pools, and Gus filed a notice of election pursuant to Business Corporation Law § 1118 to purchase the other 50% of Grecian Pools shares at fair market value. In an order dated April 12, 2012, the Supreme Court, upon Steve's failure to appear at a hearing to determine the value of Green Pools, granted Gus's election and authorized the temporary receiver to retain an accountant to conduct a "market value method" valuation of Grecian Pools.

In August 2012, the Supreme Court referred both matters to a referee to hear and report on the offsets, payments, or reductions due to the parties. In a report dated March 19, 2013, made after a hearing, the referee found that Grecian Pools should be reimbursed for certain work performed by Mike and Steve for which customer payments were not turned over to Grecian Pools, expenses incurred by Grecian Pools to purchase materials largely on behalf of Steve and Mike, certain improper charges by Greg and Peter on Grecian Pools' credit card and EZ Pass accounts, and one-half of the value of a retirement plan. The referee specifically found that Mike and Steve were responsible for paying the principal sum of $268,752.07 to Grecian Pools, that Peter and Greg were responsible for the principal sum of $3,579, and that one half of the value of a

retirement plan, $28,771.12, was owed by Mike, the trustee of the plan. Consequently, the referee recommended that Grecian Pools should be awarded the total principal sum of $301,102.19. The referee, however, found no evidence to support the causes of action in the Grecian Pools action alleging breach of the duty of good faith and loyalty insofar as asserted against Peter and Greg, nor any evidence to support the cause of action alleging that Mike aided and abetted Peter and Greg in any breach of the duty of good faith and loyalty. Consequently, the referee, in effect, recommended dismissal of those causes of action.

In an order dated April 25, 2013, the Supreme Court, inter alia, granted the motion of Gus and Grecian Pools (hereinafter together the Grecian parties) to confirm the referee's report and denied Steve's motion to vacate his default in appearing at a hearing on a prior motion he made to vacate the order made upon his failure to appear at the valuation hearing. An amended judgment was ultimately entered in favor of Gus and against the Mike parties, in effect, jointly and severally, in the principal sum of $301,102.19.

Contrary to the Mike parties' contentions, Gus, in his capacity as an officer of Grecian Pools, had standing to commence the Grecian Pools action and was not required to comply with the rules pertaining to a shareholder's derivative action (see Business Corporation Law § 720 [b]; *Rapoport v Schneider*, 29 NY2d 396, 400 [1972]; *Brown v Brown*, 143 AD2d 248, 249 [1988]; *Conant v Schnall*, 33 AD2d 326, 327-328 [1970]). Accordingly, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the Grecian Pools action based upon Gus' alleged lack of standing.

The Mike parties also did not establish their prima facie entitlement to judgment as a matter of law in the Grecian Pools action dismissing the causes of action alleging waste of corporate assets, unjust enrichment, and conversion, or on Steve's counterclaims. In this regard, their conclusory affidavits, in which they simply denied wrongful conduct, failed to eliminate any material issues of fact with respect to so much of the complaint as alleged waste of corporate assets, unjust enrichment, and conversion (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Moreover, the conflicting affidavits submitted by the parties also presented issues of fact which could not be resolved on a motion for summary judgment (see *Poznanski v Wang*, 84 AD3d 1048, 1050 [2011]; *Heller v Hicks Nurseries*, 198 AD2d 330, 331 [1993]).

In light of the referee's findings and recommendation, in ef-

fect, to dismiss the causes of action in the Grecian Pools action alleging breach of the duty of good faith and loyalty insofar as asserted against Peter and Greg, and so much of the complaint as alleged that Mike aided and abetted Peter and Greg in their breach of the duty of good faith and loyalty, those branches of the Mike parties' motion which were for summary judgment dismissing those portions of the complaint have been rendered academic.

The Supreme Court also providently exercised its discretion in denying Steve's motion for leave to enter a default judgment on his counterclaims in the Grecial Pools action for failure to serve a timely verified reply to his counterclaims (*see Chakmakian v Maroney*, 78 AD3d 1103, 1103-1104 [2010]; *Giha v Giannos Enters., Inc.*, 69 AD3d 564, 565 [2010]).

Additionally, the Supreme Court properly denied that branch of Steve's motion in the dissolution proceeding, and that branch of the Mike parties' motion in the Grecian Pools action, which were to vacate the respective notes of issue and certificates of readiness. A motion to vacate the note of issue and certificate of readiness made more than 20 days after their service will be granted only where "a material fact in the certificate of readiness is incorrect" or upon "good cause shown" (22 NYCRR 202.21 [e]; *see Torres v Saint Vincents Catholic Med. Ctrs.*, 71 AD3d 873, 873 [2010]; *Ferraro v North Babylon Union Free School Dist.*, 69 AD3d 559, 561 [2010]). The Mike parties failed to demonstrate the existence of such circumstances (*see White v Mazella-White*, 60 AD3d 1047, 1049 [2009]; *Utica Mut. Ins. Co. v P.M.A. Corp.*, 34 AD3d 793, 794 [2006]).

Further, contrary to the Mike parties' contentions, the Supreme Court providently exercised its discretion in declining to recuse itself, since they did not establish that there was a basis for recusal pursuant to Judiciary Law § 14 and failed to set forth any proof of bias or prejudice on the part of the Supreme Court Justice (*see People v Moreno*, 70 NY2d 403, 405-406 [1987]; *Tornheim v Tornheim*, 28 AD3d 534, 535 [2006]; *People ex rel. Smulczeski v Smulczeski*, 18 AD3d 785, 786 [2005]).

To vacate a default in appearing, a party is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Matter of Stewart*, 65 AD3d 634, 635 [2009]; *47 Thames Realty, LLC v Robinson*, 61 AD3d 923, 924 [2009]; *Bollino v Hitzig*, 34 AD3d 711, 711 [2006]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Rivera v Komor*, 69 AD3d 833, 833 [2010]; *Antoine v*

*Bee*, 26 AD3d 306, 306 [2006]). Under the circumstances presented here, the record supports the Supreme Court's determination that Steve did not offer a reasonable excuse for either his failure to appear for the scheduled valuation hearing or for his failure to appear at a hearing on his prior motion to vacate the order made upon his failure to appear at that hearing. As he failed to offer a reasonable excuse, it is unnecessary to consider whether he sufficiently demonstrated the existence of a potentially meritorious defense (*see Lane v Smith*, 84 AD3d 746, 746 [2011]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]; *Levi v Levi*, 46 AD3d 519, 520 [2007]). Consequently, the Supreme Court did not improvidently exercise its discretion in denying Steve's motion to vacate his default in appearing at the hearing on his prior motion to vacate the order made upon his default in appearing at the valuation hearing.

Contrary to the Mike parties' contentions, the referee's findings that Mike and Steve owed Grecian Pools the sum of $268,752.07 relating to customer work performed by them and that Greg and Peter owed $3,579 to Grecian Pools are substantially supported by the record and, therefore, the Supreme Court properly confirmed those recommendations (*see Last Time Beverage Corp. v F & v Distrib. Co., LLC*, 98 AD3d 947, 950 [2012]; *Spodek v Feibusch*, 55 AD3d 903, 903 [2008]; *Matter of County Conduit Corp.*, 49 AD3d 641, 641 [2008]; *Stone v Stone*, 229 AD2d 388, 388 [1996]). However, the referee's finding that the Grecian parties were entitled to $28,771.12, representing one-half of the value of a retirement account, is not supported by the record. The record demonstrates that the account, a profit sharing plan, was funded by money from Grecian Pools and that Mike was its trustee. There was insufficient evidence to identify the participants in the plan. In this regard, the governing plan documents, which would set forth eligibility, vesting, and other requirements to participate in the plan, were not introduced into evidence. The referee also found no evidence that Mike, as the plan's trustee, had converted or misappropriated any of that account's funds for his personal use. Since it has not been established that Gus and Mike were the sole participants in this account, the Grecian parties were not entitled to an award of funds from that account. Accordingly, an award in the principal sum of only $272,331.07 is warranted by the facts.

Moreover, the Mike parties correctly contend that the amended judgment does not conform with the referee's recommendations. In this regard, the referee found that Peter and

Greg owed Grecian Pools only $3,579, and that Mike and Steve owed the more substantial principal sum of $268,752.07. The amended judgment fails to apportion this liability among the Mike parties, and has the effect of erroneously holding Peter, Greg, Mike, and Steve jointly and severally liable for the entire award. Additionally, the amended judgment makes the entire award in favor of Gus, rather than in favor of Grecian Pools, which is contrary to the referee's findings and contrary to the facts adduced at the hearing. Consequently, we modify the amended judgment to apportion liability among the Mike parties in accordance with the foregoing, and to make the award in favor of Grecian Pools.

The Mike parties' remaining contentions are without merit. Rivera, J.P., Hall, Cohen and Miller, JJ., concur.