■ SALVATORE GUERRERA, Respondent, v MARIE TOOKER, Appellant, et al., Defendants. [10 NYS3d 263]—

In an action, inter alia, for the partition of real property, the defendant Marie Tooker appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated November 7, 2013, which granted the plaintiff's motion to vacate an order of the same court dated September 18, 2013, entered upon the plaintiff's default in appearing at pretrial conferences, directing the dismissal of the complaint insofar as asserted against her and awarding her judgment against the plaintiff on the issue of liability on her counterclaims, and to restore the action to the trial calendar.

Ordered that the order dated November 7, 2013, is affirmed, with costs.

To vacate a default in appearing at a pretrial conference, a

party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious cause of action or defense (*see* CPLR 5015 [a] [1]; *Selechnik v Law Off. of Howard R. Birnbach*, 120 AD3d 1220 [2014]; *Dobbins v Vartabedian*, 23 AD3d 431 [2005]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (*Matter of Tsoukas v Tsoukas*, 125 AD3d 872, 876 [2015]). Here, the plaintiff demonstrated a reasonable excuse for his default in appearing on two pretrial conference dates, as well as potentially meritorious causes of action and defenses to the counterclaims asserted by the appellant.

The appellant's remaining contentions are without merit.

Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to vacate the order dated September 18, 2013, entered upon the plaintiff's default, directing the dismissal of the complaint insofar as asserted against the appellant and awarding the appellant judgment against the plaintiff on the issue of liability on the appellant's counterclaims, and to restore the action to the trial calendar. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.