C Castle Group Corp. v Herzfeld & Rubin, P.C. (2022 NY Slip Op 07431)

C Castle Group Corp. v Herzfeld & Rubin, P.C.

2022 NY Slip Op 07431

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-02404
 (Index No. 6059/16)

[*1]C Castle Group Corp., et al., respondents, 
v
Herzfeld & Rubin, P.C., appellant, et al., defendants.

London Fischer LLP, New York, NY (Jason M. Myers and Thomas A. Leghorn of counsel), for appellant.
The Greenberg Law Firm, LLP, Purchase, NY (Rebecca Greenberg of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the defendant Herzfeld & Rubin, P.C., appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated December 18, 2019. The order granted the plaintiffs' motion to vacate the note of issue and certificate of readiness.
ORDERED that the order is affirmed, with costs.
"Within 20 days after service of a note of issue and certificate of readiness, any party to the action or special proceeding may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect. . . . After such period, except in a tax assessment review proceeding, no such motion shall be allowed except for good cause shown" (Uniform Rules for Trial Cts [22 NYCRR] § 202.21[e]). To satisfy the requirement of "good cause," the party seeking vacatur must "demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness requiring additional pretrial proceedings to prevent substantial prejudice" (Utica Mut. Ins. Co. v P.M.A. Corp., 34 AD3d 793, 794; see Reardon v Macy's, Inc., 191 AD3d 712, 714). Under the circumstances presented, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion to vacate the note of issue and certificate of readiness (see Sansone v Sansone, 114 AD3d 748, 749; Torres v Saint Vincents Catholic Med. Ctrs., 71 AD3d 873).
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court