Weisbrod-Moore v Cayuga County (2023 NY Slip Op 02445)

Weisbrod-Moore v Cayuga County

2023 NY Slip Op 02445

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

949 CA 22-01075

[*1]JACKIE WEISBROD-MOORE, PLAINTIFF-RESPONDENT,
v
CAYUGA COUNTY, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

BARCLAY DAMON LLP, SYRACUSE (ALAN R. PETERMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
HERMAN LAW FIRM, NEW YORK CITY (JEFFREY M. HERMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
HON. SYLVIA O. HINDS-RADIX, CORPORATION COUNSEL, NEW YORK CITY (JANET L. ZALEON OF COUNSEL), FOR THE CITY OF NEW YORK, AMICUS CURIAE. 

 Appeal from an order of the Supreme Court, Cayuga County (Deborah A. Chimes, J.), entered February 2, 2022. The order denied the motion of defendant Cayuga County to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint against defendant Cayuga County is dismissed.
Memorandum: Plaintiff commenced this action under the Child Victims Act (see CPLR 214-g) seeking damages as a result of sexual and physical abuse that she allegedly sustained while in foster care between 1975 and 1982. In lieu of an answer, defendant Cayuga County (County) moved to dismiss the complaint against it, claiming, inter alia, that it was immune from liability based upon the doctrine of governmental function immunity because its relevant actions were discretionary in nature. The County further contended that, even if its actions were ministerial, it was nevertheless entitled to dismissal of the complaint against it because plaintiff failed to allege the existence of a special duty, which is necessary for the imposition of liability against a municipal defendant acting in a governmental capacity. Supreme Court denied the motion, and the County now appeals. We reverse.
This appeal requires us to apply well-established rules to determine whether a municipal defendant is subject to tort liability. Where, as here, a "negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]; see Ferreira v City of Binghamton, 38 NY3d 298, 308 [2022]). "If the municipality's actions fall in the proprietary realm, it is subject to suit under the ordinary rules of negligence applicable to nongovernmental parties" (Applewhite, 21 NY3d at 425). On the other hand, "if the action challenged in the litigation is governmental, the existence of a special duty is an element of the plaintiff's negligence cause of action" (Connolly v Long Is. Power Auth., 30 NY3d 719, 727 [2018]; see Ferreira, 38 NY3d at 308). Stated another way, if the action challenged is governmental, a plaintiff must establish that the duty allegedly breached by the municipality was " 'more than that owed [to] the public generally' " (Ferreira, 38 NY3d at 313, quoting Lauer v City of New York, 95 NY2d 95, 100 [2000]).
The Court of Appeals has explained that such a special duty can be formed in three ways, i.e., "(1) when the municipality violates a statutory duty enacted for the benefit of a particular [*2]class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (Pelaez v Seide, 2 NY3d 186, 199-200 [2004]; see Maldovan v County of Erie, 39 NY3d 166, 171 [2022], rearg denied 39 NY3d 1067 [2023]).
Further, even if a plaintiff satisfies their burden of demonstrating that a special duty exists, a municipality will nevertheless be immune from tort liability based upon the governmental function immunity defense if the municipality was performing discretionary rather than ministerial acts (see Turturro v City of New York, 28 NY3d 469, 478-479 [2016]; Valdez v City of New York, 18 NY3d 69, 75-77 [2011]). In short, "[g]overnmental action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (McLean v City of New York, 12 NY3d 194, 203 [2009]).
Applying those rules to the present matter, we note at the outset that there is no dispute between the parties that the County was acting in a governmental capacity in administering the foster care system within the municipality and supervising plaintiff's foster care (see generally Kochanski v City of New York, 76 AD3d 1050, 1052 [2d Dept 2010]). We therefore agree with the County that plaintiff is required to establish that it owed her a special duty. For the reasons that follow, we conclude that plaintiff failed to set forth allegations of a special duty sufficient to survive the County's motion to dismiss (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
Here, only the first two ways in which a special duty may arise are at issue. With respect to the first of those ways, the Court of Appeals has explained that, to form a special duty " 'through breach of a statutory duty, the governing statute must authorize a private right of action. One may be fairly implied when (1) the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the governing statute; and (3) to do so would be consistent with the legislative scheme' " (McLean, 12 NY3d at 200, quoting Pelaez, 2 NY3d at 200). " 'If one of these prerequisites is lacking, the claim will fail' " (id.). In this case, we conclude that the complaint contains sufficient allegations with respect to the first two components of the test based on the County's duties under the Social Services Law. Indeed, plaintiff, as a foster child, is a member of the class for whose benefit the relevant provisions of the Social Services Law were enacted. Also, affording plaintiff a private right of action would promote the legislative purpose of those statutes. Therefore, the issue whether plaintiff can establish the existence of a special duty based upon the County's alleged violation of its statutory duties turns on whether affording her a private right of action would be consistent with the legislative scheme.
In Mark G. v Sabol (93 NY2d 710 [1999]), the Court of Appeals analyzed provisions in the Social Services Law designed to protect foster children and to prevent child abuse generally and concluded that a private right of action was not consistent with the legislative scheme (see id. at 720-722; see also McLean, 12 NY3d at 201). Notably, in McLean, the Court of Appeals cited Mark G. approvingly (see McLean, 12 NY3d at 201). We therefore conclude that plaintiff cannot establish a special duty based upon the County's alleged violation of its duties under the Social Services Law. We note that, to the extent that there is case law in the First and Second Departments that would support a contrary conclusion, we decline to follow those cases (see e.g. George v Windham, 169 AD3d 876, 877 [2d Dept 2019]; Sean M. v City of New York, 20 AD3d 146, 158-160 [1st Dept 2005]; Bartels v County of Westchester, 76 AD2d 517, 520-521 [2d Dept 1980]).
We further conclude, with respect to the second way in which a special duty may be shown, that plaintiff cannot establish the requisite special relationship between the parties based upon the County's alleged voluntary assumption of a duty that generated justifiable reliance on her part (see Maldovan, 39 NY3d at 172). To establish such a special relationship, a plaintiff must show "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260 [1987]; [*3]see Applewhite, 21 NY3d at 430-431). " '[A]ll four elements must be present for a special duty to attach' " (Maldovan, 39 NY3d at 172, quoting Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d 709, 715 [2017]).
Initially, as discussed above, the complaint contains allegations relating to the County's failure to meet its obligations to foster children pursuant to the Social Services Law. It is well established, however, that "[t]he failure to perform a statutory duty, or the negligent performance of that duty, cannot be equated with the breach of a duty voluntarily assumed" (Estate of M.D. v State of New York, 199 AD3d 754, 757 [2d Dept 2021] [internal quotation marks omitted]; see Pelaez, 2 NY3d at 202-203). Even assuming, arguendo, that plaintiff sufficiently alleged the existence of a duty on the part of the County apart from its statutory obligations, we nevertheless conclude that plaintiff failed to set forth allegations that, if proven, would establish each of the four elements articulated in Cuffy (see Maldovan, 39 NY3d at 172).
In light of our determination that plaintiff failed to sufficiently allege the existence of a special duty owed to her by the County, the County's additional contention that it is immune from liability based upon the governmental function immunity defense is academic.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court