Q.G. v City of New York (2023 NY Slip Op 06323)

Q.G. v City of New York

2023 NY Slip Op 06323

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 950104/20 Appeal No. 1166 Case No. 2022-04752 

[*1]Q.G., Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent, Spence-Chapin Services to Children and Families Formerly Known as Spence-Chapin Adoption Services, Defendant.

Herman Law, P.A., New York (Jeffrey Herman of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip W. Young of counsel), for respondent.

Order, Supreme Court, New York County (Lawrence L. Love, J.), entered October 6, 2022, which granted defendant City of New York's motion to dismiss the complaint on the ground that plaintiff failed to allege that it owed her a special duty, unanimously affirmed, without costs.
In a negligence claim against a municipality, the court must determine whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity when the claim arose (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]). In the event the court determines that a municipality was exercising a governmental function, the municipality is immune from suit if the conduct was discretionary, and if the conduct was ministerial, the municipality is immune unless it owed a special duty to the injured party (id. at 426). A special duty exists where either "(1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition" (id.). Unlike discretionary immunity, which is an affirmative defense, the existence of a special duty "is an essential element of the negligence claim itself," which plaintiff must prove (id.).
The parties do not dispute that the City of New York was engaged in a government function in placing plaintiff into foster care, because its management of the foster care system is undertaken for the protection and safety of the public pursuant to the general police powers. Further, the parties do not dispute that the conduct at issue — the City of New York's supervision of foster care — was ministerial, thus making the City immune from suit unless plaintiff can show that it owed her a special duty.
Plaintiff argues that when it removed her from her home and placed her in foster care pursuant to its authority under the Social Services Law, the City of New York formed the required special relationship with her, and a special duty flows out of that relationship, citing Sean M. v City of New York (20 AD3d 146 [1st Dept 2005]). Plaintiff further alleges that this showing of a special relationship is sufficient, and that she does not otherwise have to allege facts demonstrating a special duty. However, after Sean M. was issued, the Court of Appeals decided McLean v City of New York (12 NY3d 194 [2009]), in which it required proof of a special duty for a tort claim involving a child injured at a daycare provider where the provider was regulated by the City, but the City did not have physical custody of the children. In McClean, the Court of Appeals explicitly declined to create an ad hoc exception to the special duty rule and reaffirmed that plaintiffs bringing claims against a municipality concerning a ministerial function must plead and prove that they fall under one of the well-established special duty categories (McClean, 12 NY3d [*2]at 204). Further, the Court ultimately rejected the plaintiff's claim on the ground that the Social Services Law did not engender the required special duty. We are bound by the Court's holding in McLean and hold that plaintiff was required to establish the existence of a special duty in one of the three ways specified by the Court of Appeals.
Regarding the elements of a special duty based on a statutory violation, the Court of Appeals has explained that the governing statute must authorize a private right of action (see McLean, 12 NY3d at 200). "One may be fairly implied when (1) the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the governing statute; and (3) to do so would be consistent with the legislative scheme" (id.).
Plaintiff concedes that the Social Services Law does not directly or impliedly authorize a private right of action. Even if she were to argue that defendant negligently performed its obligations under article 6, titles 1, 2, and 6 of the Social Services Law, and that a private right of action is authorized by those provisions, this contention is foreclosed by the Court of Appeals' holding in Mark G. v Sabol, which involved a lawsuit against City child-welfare officials by children who suffered abuse or neglect in their homes or in foster care (Mark G, 93 NY2d 710, 722 [1999]; see also Weisbrod-Moore v Cayuga County, 216 AD3d 1459 [4th Dept 2023]).
Finally, plaintiff argues that the motion court's decision is inconsistent with the legislative intent of the Child Victims Act (CVA) because it would permit the City to unfairly avoid liability for its negligence in overseeing foster care placements. Although plaintiff asserts that the motion court's interpretation of the CVA goes against the statute's expressed purpose of placing public and private entities on an equal footing in being held accountable for child sexual abuse, she does not point to any specific provision of CPLR 214-g altering the settled criteria for pleading a negligence claim against a municipality. To the extent that the statute references substantive and procedural law underpinning the possible claims, it expressly states that the law does not abrogate "any other defense and affirmative defense that may be available in accordance with law, rule or the common law" (CPLR 214-g). In view of the foregoing, the motion court's determination is not at odds with the purpose of the CVA.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023