Davila v Orange County (2024 NY Slip Op 03730)

Davila v Orange County

2024 NY Slip Op 03730

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-07684
 (Index No. 5666/21)

[*1]Jose Davila, appellant, 
v
Orange County, et al., respondents, et al., defendants.

Slater Slater Schulman LLP, Melville, NY (Stephenie Lannigan Bross and Jay L. T. Breakstone of counsel), for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Kellie E. Lagitch of counsel), for respondent Orange County.
Bond, Schoeneck & King, PLLC, Garden City, NY (John F. McKay III of counsel), for respondent Enlarged City School District of Middletown.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Orange County (Leonard D. Steinman, J.), dated July 14, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Enlarged City School District of Middletown which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it and that branch of the motion of the defendant Orange County which was for summary judgment dismissing the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action, inter alia, pursuant to the Child Victims Act (see CPLR 214-g), alleging that in the 1990s, when he was a 13-year-old student residing at the McQuade Foundation Boarding School (hereinafter McQuade), he was sexually abused by an employee of McQuade. The plaintiff asserted causes of action against, among others, the defendants Orange County and Enlarged City School District of Middletown (hereinafter the District), among other things, to recover damages for negligence and negligent hiring, retention, and supervision. The District and the County separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated July 14, 2022, the Supreme Court, inter alia, granted that branch of the District's motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it and that branch of the County's motion which was for summary judgment dismissing the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it. The plaintiff appeals.
The Supreme Court properly granted that branch of the District's motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it. "To establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" [*2](Solomon v City of New York, 66 NY2d 1026, 1027). Here, the District established its prima facie entitlement to judgment as a matter of law by demonstrating that it owed the plaintiff no duty of care while he was residing at McQuade, since the plaintiff was not in the District's physical custody or orbit of authority, and no specific statutory duty had been imposed upon the District (see Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 378; Boyle v Brewster Cent. Sch. Dist., 209 AD3d 619, 621). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, any continuing duty of the District to formulate and implement the plaintiff's individualized education program does not alone bring the plaintiff within the District's orbit of authority (see Begley v City of New York, 111 AD3d 5; Ferraro v North Babylon Union Free School Dist., 69 AD3d 559, 560).
The Supreme Court also properly granted that branch of the County's motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it. The County demonstrated, prima facie, that the placement of the plaintiff at McQuade was the result of a court order and that the County was entitled to judicial immunity, which extended to the employees of the County's Department of Social Services who assisted the court in effectuating placement (see Mosher-Simons v County of Allegany, 99 NY2d 214, 220).
The plaintiff contends that the County was negligent in failing to supervise him after he was placed at McQuade. Because "the function of caring for children in need of foster care" is a governmental function (Kochanski v City of New York, 76 AD3d 1050, 1052), the existence of a special duty was an element of the negligence cause of action (see Marino v City of New York, 223 AD3d 888, 889; Q.G. v City of New York, 222 AD3d 443, 444). "[A] special duty may arise in three situations: where (1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition" (Maldovan v County of Erie, 39 NY3d 166, 171 [internal quotation marks omitted]). Here, the County established, prima facie, that its obligations under Social Services Law article 6 did not give rise to a special duty to the plaintiff (see Q.G. v City of New York, 222 AD3d at 444; Weisbrod-Moore v Cayuga County, 216 AD3d 1459, 1461, lv granted 41 NY3d 908; Estate of M.D. v State of New York, 199 AD3d 754, 757). Further, the County did not "voluntarily agree[ ] to do something [it was] not already obligated by law to do" (Abraham v City of New York, 39 AD3d 21, 26 [emphasis omitted]) and did not assume direction and control over a particular dangerous situation concerning the plaintiff (see id. at 28). In opposition, the plaintiff failed to raise a triable issue of fact.
The County also established its prima facie entitlement to judgment as a matter of law dismissing the negligent hiring, retention, and supervision cause of action insofar as asserted against it. In order to establish a cause of action for "negligent hiring, negligent retention, or negligent supervision [of an employee], it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d 866, 868 [internal quotation marks omitted]). Here, there is no dispute that the plaintiff's alleged abuser was not an employee of the County.
Accordingly, we affirm the order insofar as appealed from.
BRATHWAITE NELSON, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court