Nunez v City of New York (2025 NY Slip Op 01815)

Nunez v City of New York

2025 NY Slip Op 01815

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-09720 
2024-03481
 (Index No. 517772/19)

[*1]Ruddy Nunez, appellant, 
v
City of New York, et al., respondents.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Diana Lawless of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated August 30, 2023, and (2) an order of the same court (Leon Ruchelsman, J.) dated February 28, 2024. The order dated August 30, 2023, denied the plaintiff's motion for leave to amend the bill of particulars and his separate motion, in effect, for leave to amend the bill of particulars. The order dated February 28, 2024, denied the plaintiff's motion, in effect, to vacate the note of issue.
ORDERED that the orders are affirmed, with costs.
In August 2019, the plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained after falling from a truck in the course of his employment with the defendants, City of New York and City of New York Department of Sanitation. In April 2023, the plaintiff moved for leave to amend the bill of particulars to include injuries to his left hip. Thereafter, in July 2023, while awaiting a determination of that motion, the plaintiff again moved, in effect, for leave to amend the bill of particulars to include injuries to his left hip. In an order dated August 30, 2023, the Supreme Court denied the plaintiff's motions.
In September 2023, the plaintiff moved, in effect, to vacate the note of issue. In an order dated February 28, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from this order and the order dated August 30, 2023.
The Supreme Court providently exercised its discretion in denying the plaintiff leave to amend the bill of particulars. "'Leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise. However, once discovery has been completed and the case has been certified for trial, a party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances'" (Ghosio v Weiser, 224 AD3d 664, 666, quoting Lorincz v Castellano, 208 AD3d 573, 574-575; see Benegas v Arsley Country Club, Inc., 230 AD3d 1093, 1094). Here, the plaintiff failed to demonstrate special and extraordinary circumstances in seeking to amend the bill of particulars several years after commencing this action [*2]and more than seven months after the note of issue was filed and the case was certified ready for trial (see Lorincz v Castellano, 208 AD3d at 575; Blumenthal v 1979 Marcus Ave. Assoc., LLC, 203 AD3d 1122, 1123-1124).
Contrary to the plaintiff's contention, the Supreme Court properly denied his motion, in effect, to vacate the note of issue. "Within 20 days after service of a note of issue and certificate of readiness, any party to the action or special proceeding may move to vacate the note of issue . . . . After such period, . . . no such motion shall be allowed except for good cause shown" (22 NYCRR 202.21[e]). "To satisfy the requirement of 'good cause,' the party seeking vacatur must 'demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness requiring additional pretrial proceedings to prevent substantial prejudice'" (C Castle Group Corp. v Herzfeld & Rubin, P.C., 211 AD3d 1006, 1006, quoting Utica Mut. Ins. Co. v P.M.A. Corp., 34 AD3d 793, 794; see Torres v Saint Vincents Catholic Med. Ctrs., 71 AD3d 873, 873). Here, the plaintiff failed to demonstrate good cause or that there were "unusual or unanticipated circumstances" that warranted vacatur of the note of issue because the plaintiff had been aware of the injuries to his left hip for more than eight months before he filed the note of issue (Utica Mut. Ins. Co. v P.M.A. Corp., 34 AD3d at 794; see Ferraro v North Babylon Union Free School Dist., 69 AD3d 559, 561; White v Mazella-White, 60 AD3d 1047, 1049).
In light of the foregoing, the parties' remaining contentions either need not be reached or are without merit.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court