O'Brien v County of Monroe (2025 NY Slip Op 02526)

O'Brien v County of Monroe

2025 NY Slip Op 02526

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

932 CA 23-01707

[*1]JOHN O'BRIEN, PLAINTIFF-APPELLANT,
v
COUNTY OF MONROE, DEFENDANT-RESPONDENT. 

SOLOFF & ZERVANOS, CHERRY HILL, NEW JERSEY (BRIAN M. DOYLE OF COUNSEL), AND THOMAS LEGAL COUNSELORS AT LAW, LLC, NEW YORK CITY, FOR PLAINTIFF-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Deborah A. Chimes, J.), entered August 28, 2023. The order granted defendant's motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action under the Child Victims Act (see CPLR 214-g) seeking damages as a result of sexual and physical abuse that he allegedly sustained while in foster care between 1973 and 1976, and between 1981 and 1983. Defendant, County of Monroe (County), moved to dismiss the complaint on the ground that plaintiff failed to allege the existence of a special duty, which the County argued is necessary for the imposition of liability against a municipal defendant acting in a governmental capacity. Supreme Court granted the motion, relying on our prior decision in Weisbrod-Moore v Cayuga County (216 AD3d 1459 [4th Dept 2023], revd — NY3d —, 2025 NY Slip Op 00903 [2025]). Plaintiff appeals, and we now reverse. Following oral argument in this case, the Court of Appeals reversed our decision in Weisbrod-Moore and held that "a municipality owes a duty to a foster child over whom it has assumed legal custody to guard the child from 'foreseeable risks of harm' arising from the child's placement with the municipality's choice of foster parent" (Weisbrod-Moore, — NY3d at —, 2025 NY Slip Op 00903, *2). "By assuming [legal] custody of plaintiff, and thus assuming the authority to control where and with whom plaintiff lived, the [municipality] necessarily assumed a duty to [him] beyond what is owed to the public generally" (Weisbrod-Moore, — NY3d at —, 2025 NY Slip Op 00903, *3). Thus, here, plaintiff sufficiently stated causes of action premised on "a well-established theory of common-law liability that falls outside the special duty doctrine" (Weisbrod-Moore, — NY3d at —, 2025 NY Slip Op 00903, *2). Inasmuch as the County raised no other ground for dismissal in its motion, we reverse the order on appeal, deny the motion, and reinstate the complaint.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court